NEW-YORK,
October, 1818.

FARRINGTON
v.
CASWELL.

FARRINGTON and SMITH *against* CASWELL.

Where a party purchasing goods levied upon under an execution which he has issued, suffers them to remain in the possession of his debtor, this is *prima facie* evidence of fraud, as against a subsequent execution.

Where the creditor in the prior execution, brings an action of trover against the parties engaged in the subsequent levy, under a junior execution, they may, to establish the fraud, produce evidence that the plaintiff permitted other property of the debtor, levied upon at the same time with that which is the subject of the action, to continue in his possession.

IN this case, the action was brought by *Caswell*, the creditor in the prior execution mentioned in the two preceding cases, who produced no evidence, at the trial in the court below, to show why he had left the property in the possession of *Payne*. The defendants below offered to prove, that the plaintiff gave liberty to *Payne's* family to use other property levied on at the same time with that which was in question in the present action, in order to show that the purchase by the plaintiff of the property sold under his execution, was colourable and fraudulent. This evidence was excluded, and a verdict and judgment were given for the defendant in error.

*Per Curiam.* The continued possession of the goods in *Payne*, was *prima facie* evidence of fraud, as against creditors ; and here was no evidence to repel that presumption. The evidence offered by the defendants below was pertinent, and ought to have been submitted to the jury.

Judgment reversed.(a)

(a) Vide *Whipple* v. *Foot*, 2 *Johns. Rep.* 418. *Putnam* v. *Wyley*, 8 *Johns. Rep.* 435. *Burnell* v. *Johnson*, 9 *Johns. Rep.* 243. *Storm & Beekman* v. *Woods*, 11 *Johns. Rep.* 110. In *Kidd* v. *Rawlinson*, 1 *Bos. & Pull.* 59. (cited in *Putnam* v. *Wyley*, 8 *Johns. Rep.* 435.) the purchaser under the *fi. fa.* was a *third person*, and not the creditor who issued the writs, and it was held, that his permitting the debtor to continue in possession of the goods, was not fraudulent, as respected another creditor, to whom the debtor afterwards assigned the same goods in payment. (S. C. 3 *Esp. Rep* 52.) And it has been held, that where the *creditor* himself purchased at the sheriff's sale, and let the goods to the former owner, for a rent, which was actually paid, he had a title which could not be impugned as fraudulent by other creditors having executions against the same defendant. *Watkins* v. *Birch and another*, 4 *Taunt.* 823. But the circumstances of no money having been paid by the purchaser, under the execution, or rent by the lessee of the goods, are evidence of fraud to be left to the jury. *Reed* v. *Blades and another*, 5 *Taunt.* 212.