This was an action of ejectment submitted to the court in the county of Belmont, and removed for decision at the special session, in December, 1827.
The defendants relied on a title derived from a sheriff’s deed. It appeared that in the year-, Matthews voluntarily confessed a judgment, in good faith, on the appearance docket of the court of common pleas for the county of Belmont, which referred to a *257 prior judgment against the plaintiffs, in the Supreme Court, for a debt which they were bound as the sureties of Matthews.
*The judgment so confessed, was entered without process, or pleadings, and it was made a question whether it had been entered in term time, or in vacation.
The execution on this judgment referred also to the judgment in the Supreme Court. The levy returned by the sheriff was on one hundred acres of lanct, in', section four, township seven, range four, without further description. The deed purported to convey to the purchaser all the right of the defendant in a particular tract within the section, which it was insisted contained more than a hundred acres. There was also a want of formality in the proceedings generally.
The deed offered in evidence by the defendant was objected to, on the ground that the judgment, execution, levy, and deed were all illegal and void.
The following points were resolved by the court, and the cause was sent back to the county of Belmont, for trial at the next term.
First. These proceedings took place at an early period, before any system of practice had been established by statute, or by rules adopted for that purpose. The court that ordered the judgment had jurisdiction of the subject matter, and the officers had power to perform the acts which they did. It would, therefore, be unreasonable to expect the same regularity and technical precision which would be required at the present day, and the proceedings ought to be viewed with an indulgent eye.
Second. The objection to the want of process and pleadings can not be sustained. Judgments confessed in person, or by power of attorney, in open court, are valid without process; and as an issue is not required in such cases; the pleadings may be dispensed with. It is, however, necessary that the judgment should be entered in term time, which fact may be ascertained by inspecting the docket and the entry.
Third. The execution is certainly informal. It ought not to have referred to the judgment of the Supreme Court, but wo are of opinion that the words Supreme Court may be stricken out as surplusage, and the writ will then contain the substance of a good execution.
Fourth. The levy indorsed on the execution is defective. It is stated to have been made on one hundred acres of land, *in *258 section four, township seven, range four, with no further description. The return ought to have been so specific as to enable the pur* chaser to ascertain the land which he purchased with certainty. This defect, however, may be supplied by parol testimony.
Fifth. The variance between the levy and the description in the deed may also be explained by parol. If the levy was actually made on the tract contained within the boundaries set out by the deed, and that fact was known and understood at the time of the sale, no injustice has been done. An innocent purchaser, under such circumstauces, ought not to suffer by the careless manner in which the officer has stated his proceeding, if, in point of fact, they have been substantially correct. †

Note. — At tbe next term of the court in Belmont, the cause stood for trial, but the counsel for the plaintiff entered a discontinuance.