A. Jennings *vs.* Carter and Wilcox.

A sale of chattels where the possession is continued in the vendor without any agreement as to such continuance, is equally fraudulent and void against creditors as if such agreement existed, except in special cases and for special reasons to be shewn to and approved of by the court.

The facts that a vendee *had not a farm or forage to keep cattle on, is not a sufficient* reason to justify the continuance of the possession of cattle in a vendor. The evidence in relation to an excuse offered for the continuance of such possession being uncontradicted, it belongs to the court, and not to the jury, to decide the question of fraud.

Error from the Monroe common pleas. Jennings sued Carter and Wilcox before a justice in an action of *trover* for the conversion of a waggon and yoke of oxen. The defendants pleaded the general issue, and gave notice of justification under legal process. The cause was tried, and the justice gave judgment for the plaintiff for $50 damages. The defendants appealed to the Monroe common pleas. On the trial of the cause in the common pleas, the plaintiff produced and proved a bill of parcels and a receipt attached thereto in these words : " Mr. Abraham Jennings, bought of Joseph Jennings 1 pair of cattle, 1 three-year-old heifer, 1 cow, 2 yearlings, 9 sheep, 6 shoats, 1 waggon, 1 bull ; Rec'd payment in full for said property ; Rush, April 15, 1826, (signed) Joseph Jennings ;" and proved that the property mentioned in the bill was transferred in payment and satisfaction of a fair and *bona fide* demand that Abraham Jennings had against Joseph Jennings to the amount of $69, consisting of notes and an account, the amount of which was calculated, and the demands discharged by delivering up the notes and balancing the account ; that the property was not present, being at the distance of four or five miles, but Joseph Jennings promised to deliver up the same whenever it should be called for. The vendee was a merchant, and had no farm or forage to keep the cattle. It further appeared that Wilcox, one of the defendants, acting as a constable, by virtue of an execution issued on a judgment in favor of one Blaisdale against *Joseph Jennings* for about $14, (Carter, the other defendant, acting as the

An officer joining with another in a *notice of justification* is not precluded from his defence by such joinder in pleading.

A defendant acting in aid of an officer may justify under the *general issue*.

In an action against an officer, the omission of the christian names of the plaintiffs in a *judgment* rendered by a justice of the peace, will not render void an *execution* in which the names of the parties are fully set forth, and the justice will be permitted to shew that the plaintiffs named in the execution are the persons in whose favor judgment was rendered, and to explain an error in the recital of the day when such judgment was rendered.

agent of the plaintiffs in another execution, and in aid of the constable,) levied on the waggon and yoke of oxen the 16th April, 1826, and on the 13th May, 1826, sold the same to Carter. It appeared that the property transferred had never been in the possession of the plaintiff, nor that he had demanded it, *but that the same had remained in the possession of the vendor until the sale.* The evidence of the judgment and execution in favor of Blaisdale was objected to by the plaintiff, on the ground that Wilcox, the constable, having joined in the general issue with the other defendant, had lost his defence, and that the evidence was not admissible under the notice. The objection was overruled.

The defendants also offered in evidence a judgment rendered by a justice in favor of " Atwell and Grant" against *Joseph Jennings* for $21,96, on the *twenty first* January, 1826, which evidence was also objected to on the ground before stated, and because the judgment, being only in the *surnames* of the plaintiffs, was void ; but the objection was overruled, and the evidence received. The defendants then offered in evidence an execution on a judgment in favor of " George W. Atwell and Henry Grant" against Joseph Jennings for $21,96, rendered on the *twentieth* January, 1826, and offered to prove by the justice who issued the same, that the execution was issued on the judgment rendered on the *twenty-first* January, and that no other judgment was rendered by him between the parties. The evidence was objected to on account of the variance between the judgment and execution, and that parol proof was inadmissible to explain the mistake. The evidence was received.

It further appeared that the levy and sale of the property in question was made as well under this as the other execution ; that the value of the property transferred to the plaintiff was $130 ; that after the transfer, the vendor butchered one of the young cattle and the hogs, and some of the sheep ; that others of the sheep died, and one of the yearlings was sold at auction ; that Carter sold the oxen for a sufficient sum to satisfy both judgments, and in September, 1826, returned the waggon to the vendor, who kept it until the spring of 1827, when he sold it to Carter ; that the

plaintiff never called for the waggon nor any of the articles mentioned in the bill of sale. After the levy, and before the sale under the executions, the defendants had notice of the transfer to the plaintiff.

On this evidence, the court decided that there was no question of fact to be submitted to the jury, and accordingly instructed them that the property having been left by the plaintiff in the possession of the vendor until the levy, the sale to the plaintiff was fraudulent in law, although made for a fair and *bona fide* debt ; that the evidence given in explanation for the continuance of the possession in the vendor was addressed to the court, upon which it was the province of the court to pronounce ; and that they deemed the excuse offered insufficient ; whereupon they advised the jury to find for the defendants. The jury found accordingly.

*C. M. Lee*, for plaintiff in error. The evidence in justification was inadmissible under the pleadings. (2 *Caines*, 103. 7 *Cowen*, 330. 1 *Saund*. 28, *n*. 2.)

The execution in favor of " Atwell and Grant" ought not to have been received in evidence. In all judicial proceedings, the *christian* as well as *surnames* of parties must be inserted ; (*Archbold's Civ. Pl.* 112 ; 1 *Dunlap's Pr.* 114 ; 3 *Caines*, 170 ; 1 *Pennington's R.* 75, 137 ;) and parol evidence was inadmissible to shew who were intended in the judgment, or to explain the mistake in the execution. (*Archb. Civ. Pl.* 115.. 8 *Johns. R.* 375, 189. 3 *id.* 68. 1 *id.* 139. 1 *Esp.* 43.)

The evidence offered as the reason for the continuance of the possession in the vendor ought to have been submitted to the jury, for them to determine whether the transaction was *bona fide*, or a trick and contrivance to defraud creditors. It belongs exclusively to the jury to judge of motives. (3 *Cowen*, 166, 188, and *n*. 7 *id*. 304. 15 *Johns. R.* 430. 2 *Cowen*, 435. 8 *Johns. R.* 452.)

*J. Dixon*, for defendant in error. The pleadings upon which the cause was tried arose in a justice's court ; the defendants pleaded the general issue and gave notice of justification. In those courts, technicality and form in pleading are

disregarded, and the notice may well be deemed a plea of justification, several as well as joint. Besides, Carter acting *in aid* of Wilcox, the constable, who was sued for an act done in his official capacity, the justification might be given in evidence under the general issue. (1 *R. L.* 155.)

None but the defendant in the judgment could object to the defect in the judgment of Atwell and Grant. (1 *Chitty,* 250, 1.) At all events, the judgment and execution in the other cause is unexceptionable.

Fraud is a question of law, where there is no dispute about the facts; it is the judgment of law on facts and intents, (9 *Johns. R.* 337, 13 *id.* 243, 2 *T. R.* 587, 7 *Cowen,* 301, 732,) and therefore properly decided by the court. The waggon might have been pastured cheap.

*By the Court,* MARCY, J. The plaintiff's right to the chattels in this case is derived from a bill of sale, the validity of which is contested by the defendants on the ground of fraud. The property in question was purchased by the plaintiff of Joseph Jennings, but no delivery of possession accompanied the sale.

The rule of law, as laid down in the case of *Edwards* v. *Harben,* (2 *T. R.* 587,) is, that if there be nothing but the absolute conveyance, without the possession, in point of law the sale is void. The rule in this case has been considered as laid down with great strictness, and numerous exceptions to it have been allowed, both in this country and in England. The correctness of the rule and the character of the exceptions to it were much considered in the cases of *Sturtevant & Keep* v. *Ballard,* (9 *Johns. R.* 337,) and *Bissell* v. *Hopkins,* (3 *Cowen,* 166.) In the opinion of the court in the latter case, the conclusion arrived at in the former is adopted and approved, viz. "that a voluntary sale of chattels, with an agreement in or out of the deed that the vendor may keep possession, is, except in special cases and for special reasons, to be shown to and approved of by the court, fraudulent and void as against creditors." Where the possession is continued in the vendor, *without any agreement* to that effect, the presumption of payment is equally as strong. It is well settled that explanations may be given, which will ef-

fectually repel the presumption of fraud arising from continuance of possession in the vendor. Fraud is a question of law, and especially where there is no dispute about the facts. It is the judgment of law on facts and intents. (9 *Johns. R.* 342.) In this case, the plaintiff attempted to repel the legal presumption of fraud, by explaining the reason why the delivery of the goods did not accompany the sale. His explanation was, that he had no farm or forage for the oxen; and he insisted that this ought to be submitted to the jury for them to say whether it was not sufficient to destroy the presumption of fraud in the sale; but the court below refused, and we think properly refused, to make this submission. The court say, in the case of *Sturtevant & Keep* v. *Ballard*, that exceptions to the general rule, "that delivery of chattels must accompany the sale," or, in other words, explanations for the continuance of the possession in the vendor of goods, "must be shown to and approved of by the court." When there is no dispute about the facts, there is nothing for the jury to pass on. Such was the case here. If there had been a contrariety of testimony in relation to the explanation set up by the plaintiff, then it would have been the duty of the court to have told the jury what was necessary for the plaintiff to make out and to have submitted to the jury whether the requisite explanation was established by the testimony; but where the testimony uncontradicted furnishes no satisfactory explanation, and so we consider the evidence relied on in this case, there was not in fact any thing for the jury to pass upon. The sale of the goods for which the action was brought was fraudulent and void against creditors.

Were the defendants in a situation to impeach, on this ground, the plaintiff's right to the goods in question? They justified the taking under executions issued against Joseph Jennings, the possessor and former owner of the property. The plaintiff objected to the introduction of the execution and judgment as evidence, because the defendant Wilcox, who, as constable, had taken the property on execution, had joined with Carter, the other defendant, in a plea and notice of justification. This objection was overruled by the court

below, and their decision is presented here as erroneous.
The objection is of a character somewhat technical, and
there is some doubt whether it should be rigorously applied
to pleadings in a justice's court; but even if it should, it does
not appear to be well taken in the present case. The rule
on which it is founded is correctly laid down in 1 *Saunders*,
28, *n.* 2 : "If two or more in pleading join in a defence,
which is sufficient for one, but not for the others, the plea is
bad as to all; for the court cannot sever it, and say that one
is guilty and the others not, when they all put themselves
upon the same terms." This is upon the principle that a plea
is entire and not divisible, and therefore if bad in part is bad
for the whole. The defendants joined in the plea of the gen-
eral issue, and gave notice of justification under legal pro-
cess. The evidence ought to be considered as offered not
under the plea, but under the notice, which is allowed as a
substitute for special pleas, with a view to avoid the techni-
cal subtleties of pleading. The officer has not, in any case
that the court have observed, lost his justification by joining
in a notice with others who could not avail themselves of the
same justification. The defendant, Wilcox, was not preclu-
ded from proving the judgments and executions under the
notice.

But if the defence is considered as introduced under the
plea of the general issue, the proof was admissible, if Carter
acted in aid and assistance of Wilcox, the constable ; because,
in such case, the execution afforded a justification of his acts,
as well as those of Wilcox. If one comes in aid of the offi-
cer, he may justify as the officer may do. (2 *Esp.* 301.
*Salkeld*, 409.) The bill of exceptions expressly states that
Carter acted *in aid* of the constable, Wilcox.

There was no objection to the execution on the judgment
of Blaisdale against Joseph Jennings, and that in itself af-
fords a sufficient justification for the taking of the property,
if the other execution was absolutely void ; but it is a matter
of serious doubt whether the exceptions taken to the other
execution are sustainable. The omission of the christian
names of the plaintiffs in the judgment would not, it is
apprehended, render void an execution in which the parties'

NEW-YORK,
May, 1829.

Hawkins
v.
Dutchess and
Orange Steam
Boat Co.
names are all fully set forth; and the court acted correctly in permitting the justice to shew that the plaintiffs named in the execution were the persons in whose favor judgment was rendered, and to explain the error in the recital of the execution as to the day when judgment was rendered.

Judgment affirmed.