BORLAND and CLARK *vs.* STEWART.

A *variance* between the judgment and the execution issued thereon in a *justice's court* will not deprive a party of a justification under such judgment and execution, where the variance happens by *mistake.*

Such mistake may be shewn by the justice.

ERROR from the Sullivan common pleas. This cause came up to the Sullivan common pleas on an appeal from a justice's judgment, rendered in favor of Stewart against Borland and Clark, in an action of trespass for taking and selling a horse, waggon and harness. On the trial in the common pleas, the plaintiff, Stewart, proved his declaration. The defendants attempted to justify by shewing a judgment in a justice's court, in favor of Borland against one Mallory, for *twenty-three dollars* and eighty-four cents damages and costs and an execution issued thereon, by virtue of which the property in question was taken by Clark as a constable. On the production of the execution, it appeared that it had issued for only *twenty-two dollars* and eighty-four cents, and the plaintiff objected to its being read in evidence, on the ground of the variance between the judgment and the execution. The justice who issued the execution testified that the sum mentioned in the execution was inserted by *mistake,* and that the execution was intended to have been issued on the judgment for $23,84 rendered by him, which testimony was objected to and overruled, and a verdict was rendered for the plaintiff for $39,20, on which judgment was entered.

*R. S. Street,* for plaintiffs in error.

*P. F. Hunn,* for defendant in error.

*By the Court,* MARCY, J. If the most trivial mistakes of a justice in making out an execution were to be adjudged fatal on the ground of variance, parties who act in good faith on the presumption that the justice has done in a proper manner what it was his duty to do, would be in a much worse condition than they would be if the proceedings were.

in a court of record. The errors not only of the officers or courts of record, but those of the agents of the parties, their attorneys and counsellors, are at once rectified without injury or serious inconvenience to those who have committed them. Had an officer of this court, or the attorney of a party made so trifling a mistake at issuing an execution as was made by the magistrate in this case, the court would not hesitate to give validity to the proceedings under it by allowing an amendment. What would be clearly amendable in a court of record, ought, in my opinion, to be considered a mere irregularity in the proceedings of a justice's court. Discrepancies between the judgment entered by the magistrate and the execution issued thereon, have been permitted to be explained by his testimony, when they come collaterally in question. In *Jennings* v. *Carter*, (2 Wendell, 446,) the court intimate that the variance of a day between the time when the judgment was rendered and when it was stated in the execution to be rendered, and the omission of the christian names of the plaintiffs in the judgment and inserting them in the execution, would not render the execution void. It was there said that the court acted correctly in receiving testimony to explain such discrepancies. If the common pleas of Sullivan had, in this case, admitted the execution in evidence, after the testimony of the justice who issued it, they would not have gone further than the Monroe common pleas did in the case of *Jennings* v. *Carter :* and this court thought there was no error in that case. It would be judging quite too rigorously of the proceeding of a justice's court to hold that the magistrate and the party should both be responsible as trespassers for all the acts that should be done under an execution which might happen to vary in the smallest degree from the judgment; and yet, so they undoubtedly would be if all explanation of errors should be shut out. Where the difference is clearly a mistake, and of such a character as to lead to no confusion or misapprehension, it could answer no good purpose to refuse a party

NEW-YORK, May, 1830.

Borland v. Stewart.

permission to show the mistake, nor  would it, in  my opinion,
produce any mischief to grant such  permission.

Judgment reversed, and *venire de novo.*