## Fonda & Hoag *vs.* Gross.

Where a party purchases *household furniture,* which at the time is in the use and occupation of a *third person,* and the puchaser permits such possession to continue for a great length of time, e. g 21 months, the *continuance of such possession* is *prima facie* evidence of fraud, and unless satisfactorily explained, *conclusive* as against a judgment creditor.

*It seems* that the continuance of possession by a defendant, after the sale of his property under an execution, is *prima facie* evidence of fraud, as well where the property is bid in by a *third person,* as where it is struck off to the plaintiff in the execution.

Error from the Montgomery common pleas. Gross brought an action of *replevin* against Fonda and Hoag, for taking a quantity of *household furniture,* in the use and occupation of one *Van Horne.* The furniture was sold at sheriff's sale in 1829, on several executions against Van Horne, and bought in by *C. E. Yates,* who paid the amount of his bid. It did not appear that *Yates* was a plaintiff in either of the executions. The property was left in the possession of *Van Horne* until May, 1831, when it was sold by Yates to *Gross,* the plaintiff in this suit, and a bill of sale duly executed. Gross also left the property in Van Horne's possession, and it so continued until February, 1833, when it was levied upon by *Hoag,* a deputy sheriff of Montgomery, by virtue of an execution against Van Horne, in favor of *Fonda, issued on a judgment obtained in* 1829. Hoag subsequently threatened to remove the property, unless a receiptor for its delivery was obtained. Van Horne procured the property to be receipted, and Gross brought his action of replevin. Van Horne testified that he had not paid Yates for the property purchased at vendue, nor had he paid Gross for the same; nor had he ever paid either of them any thing *for the use of the property,* although Gross had once told him that he ought to pay something for the use thereof. The counsel for the defendants requested the court to charge the jury, that the continuance of the property in the possession of Van Horne, from the time of the sale thereof, in 1829, until 1833, the time of the levy by Hoag, *unexplained,* was such evidence of fraud as justified the levy. The court refused so to

charge, and the counsel for the defendants excepted. The court then instructed the jury, that the continuance of the possession of the property in Van Horne was evidence of fraud, and would justify the levy ; but if they (the jury) thought that such continuance of possession was satisfactorily explained by the evidence, then the defendants could not be justified in making the levy ; and they further instructed the jury, that if they believed that the sale from Yates to Gross was a fair and honest transaction, the defendants had not the right to take the property, but if they believed it was fraudulent, then the defendants had the right to take it. To which charge the defendants excepted. The jury found for the plaintiff. The defendants sued out a writ of error.

*D. Cady,* for the plaintiffs in error.

*M. T. Reynolds,* for the defendant in error.

*By the Court,* NELSON, Ch. J.   An execution levied, and then delayed, at the request of the plaintiff, for some time after the return day, where the property levied upon is left in the possession of the defendant in the execution, becomes, without a reasonable excuse, dormant, and is postponed, on the ground of fraud, either express or implied, to a junior execution. This principle has been frequently asserted and applied. 11 *Johns. R.* 110. 15 *id.* 429. 17 *id.* 332. 4 *Wendell,* 332.   In one case the first execution was pronounced fraudulent, where the delay was for more than a year, and in another where it was less than six months. 17 *Johns.* R. 274. A satisfactory excuse may be given, as was done in the case of *Power* v. *Van Buren,* 7 *Cowen,* 560, but unless such excuse be given, the execution is deemed fraudulent, *per se,* as respects creditors, or subsequent *bona fide* purchasers. 3 *Cowen,* 272. The principle of these cases is fairly applicable to the one under consideration.   There can be no material difference as to creditors and purchasers, whether the property is left in the possession of the defendant *before* or *after* the sale.   It operates alike fraudulently upon them, and the sale should be pronounced void, unless satisfactory explana-

ALBANY,
Oct. 1836.

Fonda
v.
Gross.

tion is furnished. It was said, in *Farrington* v. *Caswell*, 15 *Johns.* R. 430, that if a *party* purchasing goods upon an execution *issued by him* suffers them to remain in possession of the debtor, it is *prima facie* evidence of fraud, as against a subsequent execution. In my opinion, a *third person* should be considered in no better situation. He, as well as the plaintiff in the execution, may rebut the presumption of fraud, by accounting for the continued possession, and giving some reasonable explanation for its continuance. The case is not within the *terms* of the *fifth section* of the act relative to fraudulent conveyances of goods and chattels, 2 *R. S.* 136, as *Van Horne* is not a vendor, or assignor, but it is within the *reason* of that provision, and may very properly be subjected to the sound common law principle adopted by it. See 12 *Wendell*, 297.

It is true, the court below put the question of fraud to the jury, which they were perhaps bound to do, under the *fourth section*, *p.* 137, of the statute above referred to; but the court should have advised the jury that the plaintiff was bound to explain the long continued possession in Van Horne, and as he had not done so, it was *conclusively* fraudulent, as against the execution under which the levy was made. If, under such instructions, in a case where no explanation had been given, the jury had found for the plaintiff, in a suit depending in this court, we would have felt ourselves called upon to interfere and set aside the verdict. The common pleas should do the same, *Cunningham* v. *Freeborn*, 11 *Wendell*, 240, and in this case they should have instructed the jury, as they were requested to do, upon the trial of the cause.

Judgment reversed.