Berry *v.* Riley.

SAME TERM.    *Before the same Justice.*

BERRY *vs.* RILEY and others.

An irregularity in an execution, in respect to the return day therein mentioned, can only be taken advantage of by the defendant in the judgment.    If he chooses to waive the irregularity, a third person cannot object to it.

Where an assignment, by a debtor, of a portion of his property, provided that only those creditors who should become parties thereto should receive the benefit of it; that the assignor should be permitted to transact his business for the term of six months, without any proceedings being taken against him, either at law or in equity; that in case any suit or proceeding should be commenced against him, he should be at liberty to plead the assignment in acquittance and discharge thereof; and that after the payment of such creditors as should become parties to the assignment, the surplus should be paid back to the assignor; *Held,* that such assignment was coercive, and void, as against the creditors of the assignor.

IN EQUITY.    This was a creditor's bill, filed against Riley, the judgment debtor, and Goldthwaite, the assignee of Riley, under an assignment of a portion of his property, which assignment was alleged by the plaintiff to be fraudulent and void as against creditors, for the reasons set forth in the bill.    These reasons are sufficiently stated in the opinion of the court.    The cause was heard on pleadings and proofs, as to the defendant Goldthwaite; the judgment debtor making no defence. Goldthwaite objected that the execution was irregularly issued; it having been sued out immediately after the rendition of the judgment, without waiting the thirty days during which an execution cannot issue, and been returned before the expiration of sixty days from the time it was received by the sheriff.

*Wm. H. Bell,* for the plaintiff.

*R. M. Tyson,* for the defendant Goldthwaite.

EDWARDS, J.    The irregularity in the return day mentioned in the execution, can only be taken advantage of by the defendant in the judgment.    If he chooses to waive the irregularity, a third person cannot object to it.    (*Kimball* v. *Munger,* 2 *Hill,* 304.)

As to the objection which was taken to the validity of the judgment, I do not think that it is sustained by the proof. There may be circumstances of suspicion, but they are not sufficient to warrant the conclusion, either that the judgment was not recovered in good faith, or that it was not upon a sufficient consideration; particularly upon the circumstances under which the defence is set up.

The next question is as to the validity of the assignment. According to its provisions, only those persons were to receive the benefit of it, who should become parties thereto ; and one of its conditions was, that the assignor should be permitted to transact his business for the term of six months, without any proceedings being taken against him, either at law or in equity ; and that, in case any suit or proceeding should be commenced against him, he should be at liberty to plead the assignment in discharge and acquittance thereof.   And it was also provided, that after the payment of such creditors as should become parties to the assignment, the surplus should be paid back to the assignor.   In addition to this, it does not appear from the terms of the assignment, that it covered all the property of the assignor.

The assignment was clearly coercive.    It only extended to those creditors who should become parties to it, subject to the conditions above mentioned ; and what renders the conditions more rigorous and unjust is, that it does not appear that all the assignor's property was embraced in the assignment.   As another objectionable element, the surplus, after paying such creditors as should be forced to become parties to the assignment,

was to be returned to the assignor. Under the numerous de-cisions which have been made upon this subject, the assign-ment was unquestionably void as against creditors. (*Hyslop* v. *Clark*, 14 *John.* 458. *Austin* v. *Bell*, 20 *Id.* 442. *Sear-ing* v. *Brinkerhoff*, 5 *John. Ch.* 329. *Grover* v. *Wakeman*, 11 *Wend.* 187. *Mackie* v. *Cairns*, 5 *Cowen*, 547. *Goodrich* v. *Downs*, 6 *Hill*, 438.) It was contended, on the argument, that there was a distinction between this case and the case last cited, on the ground that the assignor was not insolvent. The answer to this is, that he recites in his assignment that he was then unable to meet the demands of his creditors, and his insolvency sufficiently appears from the testimony.

As the judgment debtor makes no defence, and there is nothing which satisfactorily shows that any part of the judg-ment has been paid, the complainant is entitled to a decree for the full amount of his judgment, out of the funds in the hands of the assignee, together with the costs of this suit.

Decree accordingly.

---

MONTGOMERY GENERAL TERM, January, 1848. *Cady, Paige, and Willard*, Justices.