Woodworth *v.* Woodworth.

Ordered accordingly.

[Monroe General Term, March 3, 1856. *Johnson, T. R. Strong* and *Welles,* Justices.]

---

C. B. Woodworth, sheriff, &c., *vs.* E. C. Woodworth.

*Although it is a general rule that where a defendant in an execution is permitted by the plaintiff to retain possession of personal property after a purchase thereof by the latter under the execution, the sale is presumptively void as against creditors, yet where a sufficient reason appears for leaving the property in the defendant's possession the rule does not apply.*

*Thus, where the condition of the property is such as to furnish a sufficient excuse for leaving it in the possession of the judgment debtor—as where it consists of oats in the barn, unthreshed, and beans, some in a mow in the barn, and some in the field, ungathered—the officer is not bound to remove it immediately.*

*In such a case, it is not necessary for the plaintiff in the judgment on which the execution issued, to go behind his judgment, and prove the existence, or bona fides of the debt. If the judgment is regular, and according to the forms of law, it is valid and effectual until impeached.*

APPEAL from a judgment entered on the report of a referee. The referee made a special report, in which he stated as follows : "That one Daniel Pease, on the fifth day of September, 1853, recovered a judgment in the supreme court of this state against one Leonard B. King, for $158.54. That on the 8th of September, 1853, an execution was issued on the said judgment to the plaintiff, who is, and was then, sheriff of the county of Monroe, and placed in the hands of a deputy of said sheriff, who, on the 9th of the same month, levied on a certain quantity of oats, unthreshed, and a quantity of beans then in the field, ungathered, and other articles of personal property then in the possession of said Leonard B. King, on a farm occupied by him in the town of Clarkson, county aforesaid. That on the 5th day of September, 1853, the defendant in this action recovered a judgment by confession, in a justice's court, before Austin Harmon, Esq., a justice of the peace of the town of Sweden, in the county of Monroe, against the said Leonard B. King, for $113.42 debt, and 94 cents costs ; and on the same day an execution was issued on said judgment, to George Clough, a constable, who made a levy on said oats and beans the same day, and afterwards sold the same to the defendant in this action. That the said judgment was entered in the manner prescribed by article 8, title 4, chapter 2, part 3d of the revised statutes. The beans brought $72.50, and the oats about $22. That the amount thus bid was applied on said execution in favor of the defendant Erastus C. Woodworth, against the said Leonard King. That at the time of the sale the oats were in a barn, unthreshed, and the beans were some of them in a mow in the barn, and some in the field, ungathered. That after the sale, Woodworth, the purchaser, employed Leonard B. King to harvest the ungathered beans, and thresh the oats and beans, and market them, agreeing to pay him for his labor. That at the time of the purchase, the beans were not in a condition to be threshed, and were not left in King's possession any longer than was necessary to have them prepared for market and sold. That on the 29th of October, 1853, the proceeds of said oats and beans, amounting to between eighty and ninety dollars, were

paid by Leonard B. King to one Morgan King, to pay over to the defendant, Erastus Woodworth; and King shortly after paid the same to him. That this action is brought to recover the money thus paid to him as the proceeds of said oats and beans. The only evidence produced before me to show the *bona fides* of the debt of Woodworth against King on which the judgment was rendered, was the testimony of Austin Harmon, Esq., and he testified that the plaintiff, Erastus C. Woodworth, produced to him a note purporting to be signed by Leonard King, dated nearly two years previous, and that the amount for which the judgment was rendered was the principal of that note, and interest, with the costs of rendering the judgment. The justice also produced and proved his docket of judgments, and the affidavits made by the plaintiff and defendant as required by the revised statutes, and upon this evidence I find that the debt upon which the judgment was rendered, and the execution was issued, was not proved, and that the sale of the said beans and oats was not made in good faith and without any intent to defraud the creditors of the said Leonard B. King. I find that the condition of the property furnished a sufficient excuse for leaving the same in the possession of the said King. I find as a conclusion of law, that the defendant is indebted to the plaintiff in the sum of eighty dollars, for which he is entitled to judgment. Dated January 10, 1855."

A case was afterwards made by the defendant containing the evidence and proceedings on the trial before the referee, so much of which as is deemed necessary, is referred to in the following opinion. Judgment having been entered for the plaintiff in pursuance of the report, the defendant appealed therefrom to the general term.

*N. Davis,* for the appellant.

*H. R. Selden,* for the respondent.

*By the Court,* WELLES, J. Assuming the theory of the action to be correct, and that it may be maintained upon the evi-

dence given by the plaintiff on the trial, provided the judgment in the defendant's favor against King, or the execution, or sale thereon, is fraudulent and void, yet we think that neither the judgment, execution or sale was effectually assailed. There was no evidence that could be legally regarded as impeaching either. If they were valid, it puts an end to the action. It is claimed on the part of the plaintiff, that the levy and sale under the defendant's execution was fraudulent on the ground, among other things, that when the defendant purchased the oats and beans in question, at the constable's sale, he left the property in the possession of King, the defendant in the execution. It is undoubtedly true as a general rule, that where the defendant is permitted by the plaintiff in the execution to retain possession of the goods after a purchase by the latter under the execution, the sale is presumptively void as against creditors. (*Gardenier* v. *Tubbs,* 21 *Wend.* 169. *Farrington* v. *Caswell,* 15 *John.* 430. *Fonda* v. *Gross,* 15 *Wend.* 628. All the cases on the subject, however, have this provision, that where a sufficient reason appears for leaving the property in the defendant's possession, the rule does not apply. Here the referee finds expressly, that the condition of the property furnished a sufficient excuse for leaving it in possession of King; and in looking into the case made, we see that such finding was well warranted by the evidence. The ground upon which the referee places his conclusion of law that the plaintiff is entitled to recover, is, that the debt upon which the defendant's judgment was rendered was not proved, and that the sale of the oats and beans was therefore not made in good faith and without any intent to defraud the creditors of King. And this seems to be the principal ground upon which the plaintiff's counsel relies to sustain the judgment. But it was not necessary for the defendant to go behind his judgment and prove the existence or *bona fides* of the debt. The judgment was confessedly regular, and according to the forms of law; and was valid and effectual until impeached, as much so as if it had been rendered in an action regularly commenced, and not upon confession without an action. In either case it was liable to be impeached for

Woodworth *v.* Woodworth..

fraud, as well in one case as in the other. When the explanation for leaving the property in possession of the defendant in the execution was given, the judgment stood unimpeached and entitled to the same effect as the one under which the plaintiff makes title.

It is furthermore claimed in behalf of the plaintiff, that the active part taken by King in confessing the judgment, consenting that execution issue immediately, procuring a constable to serve the execution and turning out the property to him, was evidence upon which the referee was justified in finding the sale fraudulent, and that such finding, being upon a question of fact, is conclusive and cannot be reviewed. To this it is a sufficient answer to say, that none of these circumstances approximate the question of fraud. They do not in the least impair the judgment, or tend to establish its invalidity, which it was incumbent upon the plaintiff to do. The most that can be said is, that they tend to show that King was more friendly to the defendant than to the creditor whose execution afterwards came into the plaintiff's hands, and desired to give the defendant the preference over him. This was not unlawful, and was what he had a right to do.

The radical error of the referee consisted in his holding, after a satisfactory reason had been given for leaving the property in King's possession, that the defendant was bound to give evidence of the existence of the debt upon which the judgment in his favor was rendered.

The judgment appealed from should be reversed, the report set aside and a new trial granted.

Ordered accordingly.

[MONROE GENERAL TERM, March 3, 1856. *Johnson, T. R. Strong* and *Welles,* Justices.]