PETER MASTEN AND WILLIAM M. HAYES, PLAINTIFFS, v. WILLIAM B. WEBB, SHERIFF OF ULSTER COUNTY, DEFENDANT.

*Statute rendering a sale of chattels, unaccompanied by a change of possession, fraudulent as to creditors, is applicable to judicial sales — 2 R. S., 136, § 5.*

Section 5 of 2 R. S., 136, providing that every sale made by a vendor of chattels in his possession, unless accompanied by an immediate delivery, or followed by an actual and continued change of possession, shall be presumed to be fraudulent and void, as against creditors, is applicable to a sale under an execution issued on a judgment.

MOTION for a new trial, on exceptions ordered to be heard, in the first instance at the General Term, after a verdict in favor of the plaintiffs.

The action was in replevin, to recover certain articles of personal property levied on by the defendant under an execution against one Townsend.

*J. Newton Fiero,* for the plaintiffs.

*F. L. Westbrook* and *George Van Etten,* for the defendant.

LEARNED, P. J.:

The defendant levied on the personal property in question, by virtue of an execution against Townsend, on the 13th of April, 1878. The plaintiffs claim title to the property, by virtue of a judgment and execution against the same Townsend. Under this execution they claim to have caused a levy to be made on the 12th of January, 1877, and to have purchased the property at a sale, thereunder, on the twenty-third of the same month. It appeared, or at least there was some evidence, that Townsend remained in the possession of the property, from the time of the levy and sale in January, 1877, to the levy by the defendant in April, 1878.

The court, after stating that there was a statute that every sale of property, unless accompanied by an actual change of possession,

etc., should be presumed fraudulent, added that the property was sold at a judicial sale, and that this section of the statute did not apply. To this the defendant excepted. And the defendant also requested the court to charge that the statute, as to a presumption of fraud, did apply, and the court declined and the defendant excepted.

The statute in question is 2 R. S. (m. p.), 136, § 5. It is true, as said in *Fonda* v. *Gross* (15 Wend., 628), that the literal language of the statute would not apply. For it speaks of a sale made by a *vendor*, and declares it, under certain circumstances, to be fraudulent as against the creditors of the vendor. And it may be that, in a sale under execution, the debtor is not *literally* the vendor. But there is no reason why the statute should not apply to such a sale ; and so, the court practically held in the case just cited.

It was formerly held that every sale of goods was void, unless a change of possession followed. Twenty-four exceptions were gradually made. (*Bissell* v. *Hopkins*, 3 Cow., 190, *n.*) Finally the rule came to be, as stated in the Revised Statutes, that possession by the vendor was *prima facie* evidence of fraud ; conclusive, unless the purchase was shown to be in good faith, etc. The purchaser is only required to prove good faith ; not necessarily to give an excuse for the absence of change of possession. (*Mitchell* v. *West*, 55 N. Y., 107.)

But there must be a presumption of fraud when the purchaser at an execution sale leaves the property in possession of the debtor. And that presumption must throw upon the purchaser the burden of proving that his purchase was in good faith, and without intent to defraud.

We think, therefore, that the defendant was entitled to more than the charge that " the fact that the possession of this property did not change is a proper matter to consider," etc. Fraud can be practiced as well by means of a judgment and sale under execution as by a direct sale from the debtor. And, in either case, where there is no " immediate delivery " and " actual and continued change of possession," the presumption is, that the transaction is fraudulent as against creditors. The principle, if not the literal language, of the statute applies.

The verdict must be set aside and a new trial granted, costs to abide the event.

Present—LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Verdict set aside, new trial granted, costs to abide event.