ELVIRA ELLIOTT v. BENJAMIN E. HART.

*Replevin—Identification of property—Variance—Venue.*

Replevin was brought for a building that had been sold on execution. The writ described it as on lot 7 of block 6 while the certificate of levy and notice of sale referred to it as on lot 8. *Held* that the variance would not exclude evidence of the proceedings on execution, and that parol evidence was admissible to identify the property actually taken.

Where a writ of replevin describes a building to be replevied as on a specified lot, it speaks from time of the issuing of the writ; and the fact that at the time of suit the building was elsewhere does not defeat the proceeding.

The omission, from a justice's execution, of the name of the county or of any township or city does not invalidate it, at least where the defendant does not complain of it; and as against a stranger resisting the claims of the execution purchaser the defect may be cured and the judgment identified by parol evidence.

Error to Ingham.   Submitted Nov. 10.   Decided Jan. 12.

REPLEVIN.   Defendant brings error.   Affirmed.

*S. L. Kilbourne* for plaintiff in error.

*M. V. & R. A. Montgomery* for defendants in error.

GRAVES, J.   Hart brought replevin against Mrs. Elliott and Charles C. Curtis for a building, and was allowed to recover, and she alleges that errors were committed.   The building being personal property and capable of being moved from one locality to another the declaration and other proceedings in order to identify it described it as being on lot seven of block six of the city of Lansing, and in speaking in this manner about the place where the building stood, the time referred to when it was so situated was the time when the proceedings were instituted.   The meaning is the same as though in each instance the reference had been express to

the occasion of taking out the writ. The statement has no bearing on the site the building may have occupied at any other date, earlier or later.

Hart traced his title through a sale on justice's execution. The judgment on which the execution issued was rendered by one Charles Campbell, a justice of the peace in the city of Lansing, in favor of Orlando Button and against Richard Elliott, and the sale was made to Button by a constable named Rogers. Hart bought of Button. The proceedings on the execution being offered in evidence, and it appearing that the certificate of the levy and the notice of sale each referred to a *building* on lot *eight* of block six instead of one on lot *seven*, as in the writ of replevin, the evidence was objected to on account of this difference. The constable was then allowed against objection to identify the property now in question as the same he sold on the execution.

The objection went upon the theory that the site spoken of in the action was an inherent part of the description and a permanent mark of the property. Of course the assumption was fallacious. The building being a mere chattel was liable to be shifted about from one lot to another, and at the time of the objection it had not been shown that no move had taken place subsequent to the levy and sale. On the contrary there was ground for inference that a change had occurred. According to Hart's testimony given afterwards the statement in the levy and notice that the building was on lot eight was a mistake. It was on lot seven. But there was no mistake in regard to the building. The same erection which was levied on and sold to Button and by him transferred to Hart is the same sued for and described in this case. The parol testimony to identify it was not incomplete. *Borland v. Stewart* 4 Wend. 568; *Jackson ex dem. Hunter v. Page* id. 585. Had the property been a horse which the officer had mentioned as being in stall number 8 when in fact he was in the adjoining stall number 7, no one, I imagine, would have supposed the mistake to be fatal or to be not explainable by parol. The facts here are no more favorable to the plaintiff in error.

In filling up the blank execution the justice by an evident mistake neglected to insert the name of the county, and it did not contain the name of any township or· city. Parol evidence was admitted to prove that the execution was issued on the proper judgment and emanated from the justice who gave the judgment, and that the levy and sale were made pursuant to it. The execution was objected to as invalid and the parol testimony as incompetent.

The writ was not void. It was issued on a lawful judgment by the proper officer and in due time, and was made returnable within sixty days. It described the judgment and required the officer to collect it. The only material defect was the omission of the name of the county, and this was a clerical irregularity apparent on the face of the writ, and which in the case of a justice's execution, and as against a stranger to it resisting the claim of a purchaser under it, was curable by parol evidence. *Perkins v. Spaulding* 2 Mich. 157; *Stewart v. Stocker* 13 S. & R. 199; *Lewis v. Avery* 8 Vt. 289; *Morgan v. Evans* 72 Ill. 586; *Blaine v. The Ship Charles Carter* 4 Cranch 328; *Webster v. Farley* 6 Blackf. 163; *Lessee of Matthews v. Thompson* 3 Ohio 272; *Douglas v. McCoy* 5 Ohio 523; *Phelps v. Ball* 1 Johns. Cas. 31; *Inman v. Griswold* 1 Cow. 199; *Ross v. Luther* 4 Cow. 158; *Porter v. Goodman* 1 Cow. 413; *M'Intyre v. Rowan* 3 Johns. 144; *People v. Dunning* 1 Wend. 16; *Stone v. Martin* 2 Den. 185; *Dominick v. Eacker* 3 Barb. 17; *Park v. Church* 5 How. Pr. 381; *Pierce v. Alsop* 3 Barb. Ch. 184; *Averill v. Wilson* 4 Barb. 180; *Berry v. Riley* 2 Barb. 307; *Peck v. Tiffany* 2 Comst. 451; *Bacon v. Cropsey* 3 Seld. 195; *Holmes v. Williams* 3 Cai. 98; *Lyon v. Fish* 20 Ohio 100.

How the case might stand in a direct controversy between the parties to the execution is a question which does not arise. The contest here is between. one holding under the execution sale and one deriving title by a purchase from the execution debtor prior to the levy. The execution defendant has made no objection to the execution, and if he does not see fit to complain of the irregularity, there seems to be no

ground under the authorities, of which several are cited, on which the plaintiff in error could be heard to do so. The jury negatived her title, and her position on the record is that of one holding without right and opposing Hart's title on the ground of an irregularity in the execution which is part of his title, and of which irregularity the execution debtor is not minded to complain.

What has been said disposes of the case. There is nothing to warrant interference with the judgment and it must be affirmed with costs.

The other Justices concurred.