By the Court.—Freedmah, j.
This action was brought to recover from the defendant the sum of $950, the value of goods alleged to have been wrongfully taken from the plaintiff, and the further sum of $2,000, as damages sustained by plaintiff in his business by reason of the alleged wrongful taking of the goods. The plaintiff claims title to the goods under and by virtue of a purchase upon an execution sale, and at the trial the defendant moved for a dismissal of the complaint on the ground that the execution under which said sale took place was subscribed neither *271 by the party issuing it, nor by his attorney, and therefore was void. It contained, however, an indorsement directing the sheriff of the city and county of Mew York to levy and collect $1,565.90, with interest from June 23, 1877, besides his fees, &c., and this indorsement was signed by the attorney for the plaintiff. Under section 24 of the Code of Civil Procedure, such an indorsement is equivalent to a subscription of the execution. But the defendant claims that that section was not in force at the time the execution was issued, and that the question should be determined upon the law as it then stood. If that contention be correct, the sufficiency of the execution depends upon section 289 of the prior Code, which, in prescribing the form and. substantial requirements of an execution, provided, among other things, that the execution should be subscribed by the party issuing it or his attorney. In the construction of that section it was repeatedly held that mere defects in the form of the execution might be disregarded under section 176, or allowed to be cured by amendment under section 173 (Park v. Church, 5 How. Pr. 381; Pierce v. Craine, 4 Id. 257), and that all irregularities which would be amendable on motion, could be taken advantage of only by the judgment debtor (Berry v. Riley, 2 Barb. 307 ; Abels v. Westervelt, 15 Abb. Pr. 230).
In the analogous case of a warrant of attachment which had not been subscribed, the warrant was allowed to be amended by the addition of the signature of the attorney (Kissam v. Marshall, 10 Abb. Pr. 424).
In the case of a notice of appeal, where the signature or subscription appeared only in the form of an indorsement upon the back of the notice, the notice was held sufficient (Burrows v. Norton, 2 Hun, 550).
• Upon the principles decided by these and similar cases, the indorsement of the execution in question, which was signed by the attorney, must beheld to have *272 been a sufficient subscription as against the defendant.
Kelly v. Sheehan (76 N. Y. 325) and Kilmer v. Hathorn (78 N. Y. 228), are clearly distinguishable. The question in each of them arose under the provisions of the Code of Civil Procedure limiting the time to appeal, and rule 2 of the general rules of practice ; and it was held that, inasmuch as there was no power in the court to relieve a party who fails to take an appeal in due time, however meritorious the excuse, the party undertaking to limit the time should be held to strict practice; and that consequently, a failure to observe and follow the second rule was an omission fatal to the sufficiency of a notice of judgment given to set in motion the short bar of section 1351.
The claim for damages for injury to his business the plaintiff failed to substantiate, and the jury were instructed to disregard it. This leaves for consideration plaintiff’s claim for the value of the goods taken.
The goods in question consisted of clothing, &c., ■contained in the store No. 833 Broadway, in the city of New York. They were taken by the defendant as a marshal, under an execution directed against Mrs. Henrietta Herz, and issued by Korn, Holzman & Co., July 10, 1877, upon a judgment duly recovered against her. The plaintiff claimed title to the goods under .and by virtue of a purchase made by him upon a sale under a prior execution issued against Mrs. Herz, who is his mother-in-law. He proved the recovery of a judgment by default-by himself against her, on June 23, 1877, for $1,547.25, the issuing of an execution thereon the same day, and a sale to himself thereunder of her whole stock in trade for the sum of $443. It also appeared that prior to that time the business at 833 Broadway had been conducted by one Isidore Herz, the husband of Henrietta Herz, and that he continued in charge of the same thereafter. Plaintiff claimed that *273 Isidore Herz so continued as his, the plaintiff s, agent. The defendant, on the other hand, claimed that this was a badge of fraud. It further appeared that the signs on the outside of the premises were not changed, although the plaintiff hung up a small sign with his name upon it in the rear of the store. Upon these and other circumstances not necessary to be set forth in detail, it became a question for the jury whether the plaintiff’s purchase was made in good faith and without any intent to hinder, delay or defraud the creditors of Mrs. Herz, or whether it constituted part of a scheme devised between her and the plaintiff to keep her creditors at bay. In the determination of that question it became, among other things, material to consider, insamuch as plaintiff’s purchase had taken place upon the premises of the judgment debtor, and without apparent-disturbance of her business, and inasmuch as the goods seemed to have remained as they had been before, whether there was an actual and continued change of possession. The learned j udge who presided at the trial was requested to submit this question to the jury, but he declined. In this he was mistaken. The question of change of possession bore directly upon the question relating to the burden of proof. If there was no actual and continued change of possession, plaintiff’s purchase was presumptively fraudulent and void as against the execution creditors represented by the defendant, and the burden rested upon the plaintiff to satisfy the jury that his purchase was made in good faith and without fraudulent intent. If the plaintiff failed to repel the presumption, the defendant was entitled to a verdict (Farrington v. Caswell, 15 Johns. 430 ; Fonda v. Cross, 15 Wend. 628).
On the other hand, if there was an actual and notorious change of possession, the onus was cast upon the defendant to show the fraudulent character of plaintiff’s purchase.
*274 It was error, therefore, to refuse to charge the jury as to the presumption arising from a want of change of possession, and to instruct them, as was done, to find for the plaintiff, unless the defendant had established fraud.
I am also of the opinion that the jury should have been charged, as requested by the defendant, that they might consider the relationship of the parties engaged in the business in question as bearing upon the question as to whether or not there was any fraud or secret agreement between the plaintiff and Mr. and Mrs. Herz; and that they might find fraud, if they found sufficient evidence to such effect in the circumstances surrounding the case. These requests were refused, and the charge as delivered does not cover them. Fraud against creditors is but seldom capable of direct proof, and hence it may be established by circumstantial evidence. The law presumes that persons always intend the results which flow naturally and legitimately from their actions. Consequently, if a particular transaction is entered into out of the usual course of business and under circumstances which, owing to the relations between the parties and their motives and necessities, point to fraud, the jury, in order to arrive at a proper conclusion, may consider not only the direct testimony, but also the probabilities deducible therefrom, and they may weigh and determine the circumstances surrounding the case in the light of ordinary human experience. If, after all this, their minds are led to a certain conclusion upon the main issue, they have a right to adopt that conclusion.
As the errors already pointed out necessitate a new trial, it is unnecessary to consider the other exceptions in the case.
The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.
*275 Sedgwick, Oh. J., concurred.