## CONSTRUCTION OF REPUDIATED AGREEMENT TO PURCHASE STOCK.

Circuit Court of Cuyahoga County.

J. L. WADSWORTH v. F. H. EDWARDS.

Decided, October 29, 1906.

*Sale and Option to Purchase Distinguished.*

Where the owner of shares of stock enters into an agreement with another wherein that party agrees to take over the stock at a certain price on or before a certain date and the owner agrees that he will transfer the stock at any time before the date mentioned upon the tender of the amount specified, the transaction is an option to purchase and not a sale and the owner can not, upon the failure of the other to pay for and take the stock, maintain an action for the purchase price.

*Carr, Stearns & Chamberlain*, for plaintiff in error.
*C. C. Wise*, contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties to this proceeding in error stand related as they stood below. The case originated in a justice court and was appealed to the common pleas, where a jury trial was waived and judgment rendered for the plaintiff, but only in a nominal sum. This he alleges was error, for his action being on a contract of sale, repudiated by the buyer, and for the purchase price of the goods sold, he urges that he should have recovered all or nothing. We think he should have recovered nothing.

The contract was as follows:

"CLEVELAND, OHIO, Nov. 15, '04.
"Agreement between F. H. Edwards of Cleveland, Ohio, as party of the first part, and J. L. Wadsworth, of the same place, party of the second part.

"Now by this agreement witnesseth, that party of the first part hereby agrees to take over on or before the expiration of six months from date above mentioned, from the party of second part, a certain two shares of stock, known as certificate No. 23, same being for two shares of stock in the company known as the

American Metallic Packing & Supply Co., of Cleveland, Ohio. The consideration for the same to be one hundred dollars each or a total of two hundred dollars.

"It is also agreed that at any time prior to the time mentioned that if the party of first part shall tender the party of second part the sum mentioned ($200) that the two shares of stock shall be immediately transferred, and shall become the property of first party.

"Witness our signatures.

"Cleveland, Ohio, Nov. 15, 1904.

"F. H. EDWARDS.
"J. L. WADSWORTH."

The facts are embodied in an agreed statement which is set forth in the bill of exceptions as follows:

"In addition to the admission of the execution of the instrument set forth in plaintiff's petition, the parties hereto admit that on the 15th day of May, 1905, being six months from date of the contract, the plaintiff called upon defendant and stated to the defendant that he had with him a certain certificate of stock No. 23, the same being the certificate named in the agreement set forth in plaintiff's petition of the American Metallic Packing & Supply Company, and that he was willing and ready to perform all the conditions required by him in said agreement to be performed, and defendant refused to perform or do anything further with the contract.

"Defendant also admits that a short time previous to May 15, 1905, in conversation with the plaintiff he told him, the plaintiff, that he did not consider himself bound by the terms of this contract, and that when the date for its performance should come he would refuse to perform.

"The aforesaid stock before and up to the time suit was brought stood on the books of the company in the name of J. L. Wadsworth."

From this statement and the pleadings it appears that the defendant did not avail himself of his option to buy said shares of stock pending the date of expiration of the contract period, but the plaintiff sought to accept and enforce his option to sell on that date. That the agreement was nothing else than a contract for reciprocal options is manifest from the fact that in the last paragraph Wadsworth's agreement to sell at any time during the contract period is expressly conditioned upon Edwards'

tender of $200 and in the preceding paragraph Edwards' agreement to buy at or before the end of the contract period is accompanied by no corresponding covenant by Wadsworth to sell. He might sell or not, as he chose, unless Edwards tendered the price. And Edwards might buy or not, as he chose, unless Wadsworth tendered the stock. Each option was the consideration supporting the other. To exercise either option required an affirmative voluntary act by the party accepting. To show such acceptance is not enough to plead and prove a readiness to fulfill and perform by the party accepting, or even an actual fulfillment and performance of "all things in the said contract to be by him fulfilled and performed." The plaintiff here may have done all that, without accepting the option afforded him by the contract. But this is all the petition avers, or the agreed statement shows, was in fact done. No acceptance by the plaintiff of his option is either pleaded or proved.

If the obligation of the defendant to buy the said shares of stock had been absolute, without such acceptance, his repudiation of the contract would of course dispense with tender of the shares by the plaintiff as a basis for damages for the breach, though perhaps not as a basis for an action for the agreed price (*Elsas* v. *Meyer & Co.,* 21 B., 346). But here the tender, however good it may have been, was insufficient without a notification by plaintiff to the defendant that he had elected to exercise his option to sell, or, what would be equivalent, a formal demand for the price agreed upon.

The petition and the proof here are therefore alike insufficient to sustain plaintiff's action. We find no error in the record and the judgment below is affirmed.