Treat, Justice, delivered the opinion of the court: Wickliffe filed his bill in chancery against James Duncan, alleging, in substance, that in October, 1841, he purchased of the defendant a lot in the town of- Collinsville, and paid him the full amount of the purchase money ; that the lot had been previously conveyed by one Stoker to Coleman Duncan, a brother of the defendant; that the complainant took a bond from the defendant and Coleman Duncan, by which they agreed to convey the lot to him, on or before the 1st of March, 1842. The bill further charges that Coleman Duncan died intestate in January, 1842, leaving the defendant his only heir at law; that the deed from Stoker to Coleman Duncan was never recorded, and that after the death of his brother, the defendant caused the deed to be surrendered and took from Stoker a conveyance to himself, which had not been recorded. The bill then charges a refusal on the part of the defendant to convey, and concludes with a prayer for a specific performance of the contract. The answer of the defendant admits the purchase and the making of the bond, but denies full payment of the purchase money ; admits that the legal estate in the lot was in Coleman Duncan, by the conveyance from Stoker; admits that Coleman Duncan died intestate, but states that he left, as his heirs at law, five brothers and sisters, including the defendant; admits the procurement of the deed from Stoker in the manner charged, and offers to convey the lot on payment of the purchase money. There was a replication to the answer. Depositions were taken; but the testimony relates entirely to the subject of the payment of the purchase money. On the final hearing, the court decreed that the defendant should, within thirty days, cause his deed from [* 453] Stoker to be recorded, and convey the lotto the complainant, with covenants of warranty, and pay the costs of the suit. To reverse that decree an appeal is prosecuted. The principal question arising from the assignment of errors is whether the necessary parties were before the court; and that question will only be considered. It is asserted by the complainant, and admitted by the defendant, that the legal title to the premises in dispute was conveyed by Stoker to Coleman Duncan, and that the latter died without parting with the estate. The delivery of the deed absolutely vested the legal estate in Coleman Duncan, and on his decease, it descended to, and was vested in his heirs at law. The subsequent destruction or surrender of the deed did not operate to revest the title in Stoker. Nicholson v. Halsey, 1 Johns. Ch. R.. 417; Jackson v. Page, 4 Wend. 585; Jackson v. Anderson, 4 Wend. 474. On the death of Coleman Duncan, therefore, the legal title became vested in his heirs. The bill alleges that the defendant was his sole heir. The answer denies this allegation, and insists that there were four other heirs beside the defendant, and gives their names and places of residence. This statement of the answer is directly responsive to a material allegation of the bill, and being uneontradicted by the proof, is to be considered as true. This establishes the fact, that the legal estate was in five persons, as tenants in common. In this proceeding, instituted for the only purpose of enforcing the specific performance of an agreement made by Coleman Dnn-can, the former owner, to convey the premises to the complainant, but one of these persons is made a defendant. The others ought certainly to have been made parties, and an opportunity afforded them, of contesting the fact, whether their ancestor had done an act by which their interest in the lot could be divested. On the filing of the answer, the complainant should have amended his bill, by making these individuals defendants, and thus have brought before the court all of the parties interested in the subject matter'of the litigation. The decree of the circuit court is reversed, and the cause remanded -for further proceedings. The complainant has leave to amend his bill by making new parties. The costs of this appeal are to be paid by the complainant. Decree reversed.