## Case No. 16,812a.

### VALENTINE et al. v. MARSHAL et al.

[4 Betts' C. C. MS. 52.]

Circuit Court, S. D. New York.   Feb. 22, 1845.

INFRINGEMENT OF PATENT—ACTION BY ASSIGNEE
—VALIDITY OF ISSUE.

[1. One having only a partial interest in a patent right cannot alone sue for its infringement.]

[2. In an action by the assignee of a patent for an infringement, defendant cannot set up the fact that the assignment was not recorded, if he had actual or constructive notice of the assignment when the infringement was committed by him.]

[3. When a patent is claimed for an improvement, it is not necessary to set forth in the specification a detail of the old machinery, in order to determine the novelty and the utility of the improvement claimed.]

[4. By claiming particular things in a combination as new and his, the patentee does not relinquish his right to the entire combination, so far as it is contained or adjusted by him, with a view to his discovery, though in his summary he does not reiterate his method for carrying his invention into execution.]

[5. The inventor, to sustain his property in his discovery, is not bound to prove that he uses every particular mentioned in his description, but may be left to his discretion to employ or not such as he deems merely incidental, and not essential, parts of the invention, if those things material to the novelty and utility of the invention are retained.]

[This was an action by Henry Valentine and others against Andrew Marshal and others for the infringement of a patent.]

BETTS, District Judge. On the trial of this cause, various exceptions were taken by the defendants to the ruling of the judge, and a motion is now made for a new trial, on the bill of exceptions, because of errors in those decisions. A review of the case satisfies me that a new trial must be awarded upon the first exception, and I shall therefore not pass definitely upon the others, upon some of them, however, stating the present conviction of my mind, but leaving others open to further consideration on the after trial.

The action was commenced at April term, 1843, for the violation of a patent right granted on the 24th of April, 1840, to Daniel Fitzgerald, Jesse Fitzgerald, and Elisha Fitzgerald. The plaintiffs allege they are sole legal owners thereof. The declaration avers that on the 27th of November, 1840, the patentees assigned the said patent, &c., to Nestor Houghton, which assignment was duly recorded according to law. That on the 16th of April, 1841, Houghton assigned the same to Henry Valentine, plaintiff, and Winthrop Eaton, which assignment was duly recorded May 21, 1841. That on the 20th of April, 1841, the last-named assignees assigned to Alexander Cassilli, plaintiff, one-fourth part of said letters patent. That on the 31st of December, 1841, the said Winthrop Eaton assigned to said Henry Valentine one half of three-quarters (being his whole remaining interest),

and plaintiffs made proof of the assignment. The plaintiffs, on the trial, produced the letters patent, and also the several assignments above stated, except that of Winthrop Eaton, of December 31, 1841, to Henry Valentine. The first assignment by the patentees, to Houghton, was not recorded till April 24, 1841 (more than three months after it was executed); and that to Cassilli, not till November 30, 1843, after this suit was brought.

The first exception touching the merits of the case is that the plaintiffs do not show themselves entitled to the whole patent interest; one half of three quarters thereof still outstanding in Winthrop Eaton. The court permitted the plaintiffs to proceed and take a verdict for an aliquot part of the interest; that is, the five-eighths proved to be vested in them. There is clearly error in this. The right to prosecute under letters patent is not partible, and susceptible of being exercised at the same time by different sections. The whole interest in the patent right must be represented in the action. 2 Wils. 423; 2 Sandf. 115, 116a. This was unquestionably so under the act of 1793, § 5 [1 Stat. 318]. [Tyler v. Tuel] 6 Cranch [10 U. S.] 324; Whittemore v. Cutter [Case No. 17,600]. The act of 1836, § 14 [5 Stat. 123], provides that damages may be recovered by action on the case, to be brought in the name or names of the persons interested, whether as patentee or assignee or as grantees of the exclusive right within and throughout a specific part of the United States. This changed the rule of construction applied to one part of the act of 1793,—[Tyler v. Tuel, 6 Cranch, 10 U. S.] 324; Whittemore v. Cutter [supra],—dispensing with the patentee as a party, even when his whole interest had not been assigned, and giving the right of action to parties having only a local or territorial, as well as limited, interest, under the patent. But the language of the statute cannot be fairly extended beyond those instances. Upon the language of the act, the right of action is plainly supposed to be entire and exclusive for the time being in the party suing, and at the place where the infringement is committed. As patents may now be divided up illimitably, and every description of interest be carved out of them, and the interests thus acquired be secured by the remedies given in the law, the court, at the trial, was inclined to hold that the equity of the statute would also permit actions in support of interests granted out of the patent, perfect in themselves, whether or not proved to be exclusive of the entire patent right, or only a portion thereof, and that accordingly the plaintiffs might recover damages in proportion to such estate or interest as they were able to prove vested in them. Manifestly, this is not the true exposition of the statute. When only a part of the patent interest is assigned, the assignee becomes co-partner or joint tenant with the patentees in the patent right, and the action must be in common by them, because they are all neces-

sary to represent in court the full right or estate. The same rule must apply to all subsequent conveyances under the patent. No action will lie by virtue of them unless it is shown that the whole right or interest affected by the infringement is represented in the suit. It not appearing here that three-eighths of the patent right conveyed to Eaton, had been acquired by the plaintiffs, they were incompetent to maintain the action in their own names. The objection was properly raised at the trial. The declaration averred the whole interest to be in the plaintiffs by assignment, but they failed in the proofs to establish any conveyance from Eaton, and accordingly there was a variance between the allegations and evidence, fatal to the right of recovery. This point disposes of the case, so far as regards the motion for a new trial, but, in the possibility that the cause may be again brought to hearing before me solely, I think proper to state my conclusions upon some of the other exceptions, the questions raised having been fully argued.

I do not consider the plaintiffs fail to deduce title to themselves from the patentees, for the want of recording the various assignments, either within three months of the time they were executed, or at all. The fifth section of the act of 1793 has been construed to give no title to an assignee of a patent, but in consequence of his recording the instrument of assignment. Wyeth v. Stone [Case No. 18,107]; Dobson v. Campbell [Id. 3,945]. The act of 1836, § 11 [5 Stat. 121], varies from that provision so far in its phraseology as to justify a different interpretation, if not, indeed, to demand one. It enacts that every patent shall be assignable in law, either as to the whole interest, or any undivided part thereof, by any instrument in writing, which assignment, etc., shall be recorded in the patent office within three months from the execution thereof, for which the patentee or assignee shall pay to the commissioner the sum of three dollars. This phraseology is in consonance with that of registry acts generally, exacting something to be done, after a deed is duly executed and has vested title, for the security of the public and the protection of subsequent grantees, but is never construed to impair the full title under the deed, except in relation to those taking an after grant without notice. The case of Wyeth v. Stone [supra] was decided upon the terms of the act of 1793, § 4, which is that it shall be lawful for any inventor, &c., to assign the title and interest in the invention at any time, and the assignee, having recorded the said assignment in the office of the secretary of state, shall thereafter stand in the place of the original inventor, both as to right and responsibility, etc. Stress is laid upon the special wording of the clause, as indicating the purpose of congress that the recording shall be a step necessary to the full execution of the assignment, without which it is only inchoate and imperfect. The supreme court of Massachusetts, however, on that section,

hold the assignment, without being recorded, valid inter partes. 14 Mass. 393. This is because of perfect knowledge between them of the fact, and that the recording could be required for no purpose other than that of notice. If the construction of the act of 1793, adopted by the circuit court,—Wyeth v. Stone [supra],—is the sound one, and the assignment be held inoperative and void ab initio for want of registry, the language of the act of 1836 takes away the foundation for applying such rule to present assignments, because they are valid and perfect, certainly for a period of thirty days, it not being necessary to put them on record before that time. I think, under the existing act, it is exceedingly doubtful whether any grantee, not a grantee under the patent, can set up the defence against an assignee that the assignment is not recorded; but, if he can when an entire stranger, yet, upon principles always recognized under the English and American registry acts (9 Ves. 407; 8 Johns. 137; 9 Johns. 163; 10 Johns. 457–466; 4 Wend. 585; 6 Wend. 213; 11 Wend. 442), the requisition of the statute is to be regarded satisfied, if the defendant actually knew of the assignment, or had notice in judgment of law of that fact, when the infringement was committed by him. Here the ruling of the court proceeded upon the assumption that it was proved incontrovertibly that the defendants had actual notice and knowledge of the assignment to the plaintiffs, when they committed the violations complained of; and I hold that there was no error in the decision of the court in this respect, and that the exception to the instruction in this behalf must be overruled.

I shall not discuss minutely the other exceptions, or assume to pass definitely on them. Still, as they have been argued by the respective counsel, it is proper to advert to them, that it may be seen they have not been overlooked by the court. They will properly come in review again on the retrial of the cause.

It has never been regarded necessary to set forth on the specification a detail of the old machinery, where a patent is claimed for an improvement, in order to determine the novelty and utility of the improvement claimed. Phil. Pat. 240, 278, and cases cited; Gods. Pat. 128. I do not, therefore, think the third exception can stand.

The fifth and eighth exceptions raise the objection that the patent secures to the patentee nothing beyond what is specifically claimed in the summary or claiming part. This is undoubtedly so as to matters of invention. Moody v. Fiske [Case No. 9,745]. That the proofs or instrumentality by which the result is attained are not, and need not be, given in the summary in alleging the particular improvement or invention claimed, is not to be regarded as disclaiming the means or machinery by which it was before stated to be effected. This must necessarily be so, when the invention consists in a new combination of known parts. Here, then, by claiming partic-

ular things in the combination as new and his, the patentee does not relinquish the right to the entire combination. so far as it is contained or adjusted by him, with a view to his discovery, although in his summary he does not reiterate his method for carrying his invention into execution. The description was given on the specification in all that is requisite, and he has every advantage of that secured him under the summary, except in so far as by the latter it is limited or disclaimed. The claim in this case is not, therefore, to the mere use of pressing rollers and guides, but to their use in combination in the manner and for the purpose described in the specification. That necessarily carries with it all essential parts of the machinery contrived to act in effecting the combination and result aimed at, as described by the patentee. The inventor, to sustain his property in the discovery, is not bound to prove he uses every particular mentioned in his description, but may be left to his discretion to employ or not such as he deems incidental and merely servicable in his discovery, and not essential parts of the invention, if those things material to the novelty and utility of the invention are retained; and if another drops or varies such incidental parts, or substitutes other things for them, he cannot thus entitle himself to use also what is important and essential in the discovery and is in use by the patentee under it. The identity of machines is considered to be that they operate in the same manner and produce the same results upon the same principle. Gray v. James [Case No. 5,713]. Differences that are merely formal are never regarded as establishing an important diversity. Barrett v. Hall [Id. 1,047]. The turning point on the issue of infringement has always been whether the defendant used substantially the same process, and produced the same result, as in the plaintiff's invention; and the variations of form, or omission of parts, or substitution of one thing for another, has never been regarded as protecting him against the patentee in such uses. Gods. Pat. 173; Hill v. Thompson, 2 B. Mon. 447. This case is distinguishable from Prouty v. Ruggles, 16 Pet. [41 U. S.] 336, because it is not shown that the parts of the combination omitted by the defendant in his machine were material and essential to constitute the invention claimed by the patentees. Upon the true construction of the specification, then, the plaintiffs, in my opinion, are entitled to the new combination of machinery described in it as constituting the discovery made by them, although that combination is not specified in the summary, and that upon the proofs in this case the pressing rollers and guides, though a new arrangement, were not essential to the combination of machinery constituting the discovery, and that the plaintiffs' right to their discovery would not be impaired if they omitted to use these particular parts, nor can the defendants, by omitting them, or substituting something different to effect the same object, entitle themselves to use the substantial and important parts of the patented discovery. A new trial is ordered, with costs to abide the event.