Oldhan, J., delivered the opinion of the court. This was an action of debt, brought by Gibson, upon a sheriff’s bond, against Sadler and his securities, for the failure of Sadler, as sheriff, to return an execution in favor of Gibson, which -came to his hands. Sadler pleaded four several pleas: 1st, That, on the third day of October, 1843, he returned the execution to the office of the clerk of the circuit court of Yell .county, at the instance and request of Gibson: 2d, That the defendants in the execution had no property in his county whereon to levy the execution: 3d, That the execution was not issued in conformity with a judgment &c., rendered in the circuit court of Scott county: and 4th, That Gibson did not recover judgment against Reece and Clark for the sum of two hundred and seventy-seven dollars and twenty-two cents for his debt, and fifteen dollars and twenty cents for his damages, and for his costs, &c., as alleged in the declaration. Heck filed a separate plea, the same as Sadler’s third. The plaintiff demurred to all the pleas except Sadler’s second plea, to which he replied. The demurrer was overruled and judgment given for the defendants, and the plaintiff appealed to this court. The first plea is wholly insufficient. It alleges a return of the execution- on the third day of October, 1843, to the clerk of the circuit court of Yell county, at the instance and request of Gibson. This suit was commenced in August, 1842, and was pending at the time, that the alleged return should have been made, the execution was issued from Scott county, May 22d, 1841, and was made returnable, upon its face, on the 27th October, 1841, and it was the duty of the sheriff to execute, and return it, to Scott county according to the mandate of the writ, and having failed to do so, the plaintiff in the execution thereby acquired a right of action against him and his securities, upon his bond, which was not released or discharged by a return of the writ at the request of the plaintiff subsequently to the institution of the suit, to a county different from the one to -which it was made returnable upon its face. The duties of the sheriff in executing process, directed to him, are plain, simple and positive, and by strictly observing and faithfully performing them, he is by law protected from all damage, but by refusing and neglecting to perform them, he becomes responsible to the injured party, to the amount of the damages sustained by him. The third plea, which is the same as Heck’s, is equally insufficient. It does not traverse any allegation whatever contained in the declaration ; nor does it confess and avoid the action by the introduction of new matter. It does not show in what respect the execution failed to conform to the judgment. If the execution was regular upon its face, which is not questioned, it was the duty of the sheriff to have levied it, and it is no defence that it varied from the judgment: Parmlee vs. Hitchcock, 12 Wend. 96, the variance between the execution and the judgment being amendable. Ten Eyck vs. Walker, 4 Wend. 462. Jackson vs. Anderson, 4 Wend. 474. Jackson ex dem. Hunter, 4 Wend. 585. The remaining question to be determined is, as to the sufficiency of Sadler’s last plea; and that depends upon the fact whether the allegation in the declaration, traversed by the plea, is a material allegation. In 1 Saund. Rep. 38, the court held that it was necessary, in action of debt against a sheriff for an escape, for the plaintiff to set out his judgment, because if set out, the defendant might plead nul tiel record to the judgment; and the court further held that after the escape, and before the bringing of the action for the escape, if the judgment had been reversed, the action would have been gone. And further, if the execution.had issued without any judgment, if regular upon its face, although the officer would have been protected in the execution of it, yet if he failed to execute it, or permitted an escape, the plaintiff could not bring an action, because there was no debt due to the plaintiff, nor duty to him. And it is equally necessary in this action. It is true that the plea is not in the technical form of a plea of nul tiel record, but it contains all the substantial requisites of such a plea, and denies, in the-very language of the declaration, the existence of such a judgment as is alleged; nor does the plea conclude with a prayer of judgment, but to the country. This, however, is matter of form, and not of substance. 2 Saund. 190, n. 5. We consider the plea substantially good, and an answer to the action. The judgment must therefore be affirmed.