Dominick *v.* Eacker.

---

---

SAME TERM.    *Before the same Justices.*

### DOMINICK *vs.* EACKER and POWELL.

Where process is issued out of a court of common pleas, with a seal of the supreme court attached to it, instead of the seal of the common pleas, such process is erroneous; and is the same as if it had no seal.

This defect, however, is amendable; and the process is not absolutely void, but *voidable* only.

.Such process is a good protection to the officer, and *it seems*, to the party, until it is set aside.

When process may be said to be fair on its face.

Those defects in process which are *amendable*, and which do not render it absolutely void, although apparent on its face, do not render the officer or party liable.

Dominick *v.* Eacker.

It is only *jurisdictional* defects, and such as cannot be amended, which render the officer liable, when they are apparent on the face of the process.

The *apparent* defects which leave the officer without protection are such as apprize him of a want of jurisdiction in the court issuing the process, either over the subject matter, or the person of the defendant.

If the defects be amendable, it matters not whether they are apparent on the face of the process or not. They do not, until it is set aside, deprive the process of its protecting efficacy.

One of several defendants sued jointly for a tort, is entitled to a verdict, before the case of his co-defendants is submitted to the jury, if the testimony be such that, if he were sued alone, he would be entitled to a nonsuit.

This is not a matter of discretion, but of right.

TRESPASS, for an assault and battery. The defendants pleaded, severally, the general issue, and gave special notices of justification. The cause was tried at the Herkimer circuit in September, 1847, before Justice Gridley. The assault and battery complained of consisted in the arrest of the plaintiff by the defendant Powell, a deputy sheriff, under a *ca. sa.* issued out of the court of common pleas, in favor of the defendant Eacker, with a seal of the supreme court attached to it, instead of the seal of the common pleas. At the close of the case a motion was made, on the part of Powell, that the court should instruct the jury to acquit him, on the ground that the defect in the process was amendable, and protected the officer until it was set aside. The judge decided that the process, being *voidable on its face,* afforded no protection to the officer. To this decision the defendants excepted, and a verdict having been rendered in favor of the plaintiff, the defendants now moved for a new trial. upon a bill of exceptions.

*E. S. Capron,* for the plaintiff.

*H. Link & W. Trask,* for the defendants.

*By the Court,* WILLARD, J. The *ca. sa.* in this case was erroneous, because it lacked the seal of the proper court. It was the same as if it had no seal. This defect, however, was amendable. (4 *Cowen,* 550. 1 *Wend.* 16. 5 *Id.* 103.) The *ca. sa.* was therefore not absolutely void, but *voidable* only;

and such process is a good protection to the officer, and it seems, to the party, until set aside. (*Reynolds* v. *Corp*, 3 *N. Y. T. Reports*, 267. *Chapman* v. *Dyett*, 11 *Wend.* 31, 32.) In the latter case the chief justice confounds *irregular* with *erroneous*, as applicable to *voidable* process, or such as may be amended. But he states the principle truly, that voidable process will protect both the officer and the party, until it is set aside. Hence the practice of requiring, in many cases, as a condition of setting aside voidable process, a stipulation from the party not to bring an action for acts done under the process, antecedent to the motion. (*See* 15 *Wend.* 575 ; 2 *Denio*, 185 ; 5 *Hill*, 194 ; 7 *Id.* 35 ; 16 *Wend.* 514.)

A process may be said to be fair on its face when it contains no intimation that there was a defect of jurisdiction in the court out of which it issued, either as to the subject matter or the person of the defendant; and when the subject matter is apparently within the jurisdiction of the court. (5 *Wend.* 170.) Those defects in the process which are *amendable*, and which do not render the process absolutely void, although apparent on its face, do not render the officer or party liable. It is only *jurisdictional* defects, and such as cannot be amended, which render the officer liable, when they are apparent on the face of the process. These rules are deducible from the cases cited. See further on the same subject, *The People* v. *Warren*, (5 *Hill*, 440 ;) *Webber et al.* v. *Gay*, (24 *Wend.* 485.)

In this case the defendant did not, as he might have done, call upon the judge to pronounce the defence complete as to both defendants. The question does not therefore arise whether enough appeared to justify the party, as well as the officer.

I have already anticipated the main point presented by this bill of exceptions. I think the circuit judge erred in holding that a defect which renders process voidable only, deprives an officer of the protection of his process, if the defect *appears on the face of the process*. It has been shown that such defects do not render the officer liable until after the process is set aside. The process is good, as a defence to officer or party, until it is set aside. The *apparent* defects which leave the officer without

protection, are such as apprize him of a want of jurisdiction in the court issuing the process, either over the subject matter, or the person of the defendant. The error at the circuit arose from not adverting to this distinction. If the defects be amendable, it matters not whether they are apparent on the face of the process, or not. They do not, until it is set aside, deprive the process of its protecting efficacy.

The parties having severed in their pleadings, Powell was entitled to a discharge, even if the other party were not. In *McMartin* v. *Taylor*, (2 *Barb. Sup. Court Rep.* 356,) we decided that one of several defendants sued for a tort is entitled to a verdict before the case of his co-defendants is submitted to the jury, if the testimony be such, that if he were sued alone he would be entitled to a nonsuit. We also held that this was not matter of discretion, but of right. Testing this case by these rules, the circuit judge, at the close of the case, should have directed the acquittal of Powell, the officer.

We think there should be a new trial, with costs to abide the event.

Ordered accordingly.

