### EDWARD J. MULDOWNEY *v.* JOHN CORNEY.

Supplementary proceedings cannot be sustained on the return of a marshal to an
execution issued out of a district court. The act of 1865 (chap. 400, p. 738,.
§ 2) only refers to process issued by the Marine Court.

#### SPECIAL TERM, *February*, 1869.

MOTION to dismiss supplementary proceedings. Judgment
was obtained in the Fifth District Court for $72.50, and execu-
tion issued thereon to a city marshal, who returned the
execution wholly unsatisfied. These facts appearing by affi-
davit, the court granted an order requiring the defendant to
appear before a referee, and be examined under section 292 of
the Code. The defendant moved to dismiss the proceedings.

BRADY, J.—The act of 1865, page 738, amendatory of the
act of 1862, by section 3, provides that the return of a marshal
to any process issued by any justice of the Marine Court, and
directed to him for service or execution, shall have the same
force and effect as the return of a sheriff to process issued out
of courts of record. There is no such provision in respect
to the return of a marshal upon an execution issued out of the
district courts. If the execution upon a judgment in one of
those courts is issued or returned therefore before any transcript
is filed in the office of the clerk of the county by which such
judgment becomes a judgment of this court, no proceedings
supplementary can be predicated of such return. By section
292, the order in such proceedings must be based upon the
return of an execution issued to the sheriff, where the order for
examination is not merely in aid of the execution still outstand-
ing. The statute must be strictly followed, and as there is no
provision of law by which the return of a marshal to the
execution issued out of a district court shall have the same
force and effect as the return of a sheriff to process issued out
of a court of record, no proceeding supplementary can be sus-
tained on such a return. The order granted, therefore, must
be discharged. Ordered accordingly.