DAVID S. HILL, Appellant, *v.* NICHOLAS H. HAYNES et al.,
Respondents.

An execution in usual form reciting a judgment of a county court, and signed by an attorney, was delivered to defendant as sheriff, for collection. The execution was issued upon a transcript of a justice's judgment filed and docketed in the county clerk's office. *Held,* that conceding the execution to be void because not signed by the clerk as required by section 64 of the Code, yet, inasmuch as nothing appeared therein to notify the sheriff that the judgment was originally a justice's judgment, the process was sufficient to protect him in levying upon and holding the property of the judgment debtor.

*It seems,* however, that the signing of such an execution by the clerk, is a mere ministerial act ; and whether the lack thereof is a curable irregularity or renders the execution void, *quere.*

Where, after property has been duly levied upon by a sheriff, it is removed by the judgment debtor out of the county, the former has a right of possession as against the latter and every one claiming under him, and upon obtaining *peaceable* possession, although out of the county, he is entitled to rely on his levy as a defence against any one seeking forcibly to deprive him of it and may defend his possession by necessary force.

The sheriff, however, has in such case no authority to recover possession forcibly, as he has no power as sheriff, out of his county.

(Argued March 12, 1873; decided June term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the sixth judicial district, entered upon an order denying motion on the part of plaintiff for a new trial and directing judgment in favor of defendants upon a verdict.

This was an action for an alleged assault and battery. On the 23d day of October, 1862, a judgment in favor of Thomas White against A. Smith Pierce, for $36.48, was docketed in the office of the clerk of Cortland county, upon filing a transcript of a judgment of William Andrews, a justice of the peace.

On the 12th day of June, 1865, an execution was issued upon this judgment and delivered to the defendant Haynes, who was then sheriff of the county of Cortland. Such exe-

cution was not signed by the county clerk, but by A. Porter, as attorney for plaintiff.

On the 15th day of June, 1865, the sheriff, by virtue of this execution, levied upon two bay mares at the barn of Daniel J. Sperry, in Cortlandville. The sheriff left the mares in Pierce's possession at his request. One of them was thereafter taken out of the county. The sheriff learning that she was in the town of Pitcher, Chenango county, went after her. Defendant Wood went with him at his request, and acted in his aid and assistance. The evidence tended to show that the sheriff and Wood went into the barn where the mare was, without objection. The sheriff went to the stall unmolested, untied the halter and turned her around to lead her out by the halter. The plaintiff resisted the attempt to take the mare from the barn and a collision occurred, out of which grew the alleged cause of action. Further facts are stated in the opinion. The jury rendered a verdict for defendants. Exceptions were ordered to be heard at first instance at General Term.

*Charles Mason* for the appellant. The execution in *White* v. *Pierce* was void and afforded the sheriff no protection, and he acquired no title to the mare under it. (Code, § 64, subd. 13 ; *Thompson* v. *Jenks*, 2 Abb. Pr. [N. S.], 229, 232 ; *Brush* v. *Lee*, 18 Abb. Pr., 398, 404 ; S. C., 36 N. Y., 51 ; *Castellanos* v. *Jones*, 1 Seld., 164, 170.) It is immaterial whether the execution showed, on its face, that it was void. (*Horton* v. *Hendershot*, 1 Hill, 118; *Earl* v. *Kamp*, 16 Wend., 562 ; *Dunlop* v. *Hunting*, 2 Den., 643.) Plaintiff had a lien on the mare; and the sheriff, to justify taking her, must make a title by a valid execution and levy. (*Greenwell* v. *Cook*, 3 Hill, 486, 492.) The sheriff could not act officially out of his county. (1 R. S., 102, §§ 15, 16 ; Crocker on Sheriffs, 127, § 288 [2d ed.] ; Allen on Sheriffs, 14, 15 ; Watson on Sheriffs, 89.) The delivery of a *fi. fa.* to the sheriff does not divest the defendant in the execution of his property until an actual levy. (*Payne* v. *Drew*, 4 East, 523, 539, 540 ; *Samuel*

v. *Duke*, 3 Mees. & W., 621; 1 Ld. Raym., 252; 10 Viner, 556; 2 Eq. Ca. Abr., 381; Tidds' Pr., 915; *Vail* v. *Lewis*, 4 J. R., 450, 452.) Plaintiff had possession of the mare and the sheriff had no right to dispossess him. (*Newkirk* v. *Sabler*, 9 Barb., 652; *Blake* v. *Jerome*, 14 J. R., 406; 3 Bosw. Inst., 21–23; 2 Black. Com., 4, 5; 4 Den., 448.)

*M. M. Goodrich* for the respondents. The sheriff was bound to levy under the execution and is protected by it. (*Savacool* v. *Boughton*, 5 Wend., 170; *Webber* v. *Gay*, 24 id., 485; *People* v. *Warne*, 5 Hill, 440; *Cornell* v. *Barnes*, 7 id., 35; *Hutchinson* v. *Brand*, 5 Seld., 210; S. C., 6 How., 73.) The fact that the clerk had not signed the execution did not deprive the sheriff of his protection under it. (1 Burr Pr., 290; Code, §§ 8, 63, 289; *Dominick* v. *Eacker*, 3 Barb., 18; *People* v. *Denning*, 1 Wend., 16; *Strait* v. *Steuben*, 5 id., 103; *Chamberlain* v. *Spencer*, 4 Cow., 550; *Carpenter* v. *Simmons*, 28 How., 16.) The sheriff had right, by virtue of the levy made, to retake the mare, even out of the county. (*Lambert* v. *Paulding*, 18 J. R., 311; *Rhoades* v. *Woods*, 41 Barb., 471; *Brownell* v. *Manchester*, 1 Pick., 232; *Roth* v. *Wells*, 29 N. Y., 490, 491; *Glover* v. *Whittenhall*, 6 Hill, 597; *Scribner* v. *Beach*, 4 Den., 448.)

JOHNSON, C. Upon the face of the execution of *White* v. *Pierce*, there was nothing to inform the sheriff that it was actually issued on a transcript of a justice's judgment. The execution recited a recovery by the judgment of the County Court of Cortland county, that the judgment was docketed in that county on a specified day, and, also, that the judgment roll was filed there with the clerk of the county. The additional phrase, " a transcript of the judgment was filed in the county of Cortland," would naturally pass for accidental or careless surplusage. It would not inform the sheriff of the fact material in respect to the question of the validity of the process that it was issued upon a transcript of a justice's judgment. There is no difficulty, therefore, in holding

the process sufficient to protect the sheriff in seizing within his county and holding the property levied on, if it be conceded that the execution is really void, and not merely irregular and voidable for want of the signature of the clerk. On that question, were it material to be decided, I should be by no means clear that the process was beyond the reach of the court's power of amendment. Over such executions the County Court has had jurisdiction since the act of 1824. (*Sholts* v. *Judges,* 2 Cow., 506; Laws of 1824, 290, § 21; 2 R. S., 247, §§ 127, 128; and page 254, §§ 164, 167; Code, § 63, and sub. 13 of § 64.) The provision that such executions shall be signed by the clerk, was introduced, as it seems to me, rather in ease of the party who could have no attorney of record in such a judgment, and who would be saved from the expense of appointing one, by requiring the clerk to render the service. Certainly, the signing such an execution is a mere ministerial act, about which the clerk has no discretion to exercise or judgment to give. To reckon this act as so vital to the execution, as, by its lack to render it void, seems to me contrary to the analogies of the law. Thus, the want of a seal, or the use of the seal of some other court only made process voidable, not void. (*Dominick* v. *Eacker,* 3 Barb., 17, ; *People* v. *Dunning,* 1 Wend 16.) A misrecital of the judgment was amendable. (*Jackson* v. *Page,* 4 Wend., 585; *Borland* v. *Stewart,* 4 Wend., 568), and many other errors of a similar character, were reckoned mere curable irregularities, so long as the party was really entitled to such substantive process as was attempted to be issued.

Waiving this question, however, and conceding for the present purpose that the want of the clerk's signature rendered the process in fact void, and holding, as has been shown, that upon its face it did not carry to the sheriff knowledge of the fact, the question is what were the defendant's rights. He was justified in levying upon the mare in question, and could defend himself under the execution against any action which might be brought against him for

taking her by the levy. (*Savacool* v. *Boughton*, 5 Wend., 170; *Earl* v. *Camp*, 16 Wend., 562, and the cases there cited.) Of course, having the right to take, he had also the right to keep the property as against Pierce, who could, in no way, recover against him for his obedience to the writ. The cases cited on the part of the plaintiff (*Earl* v. *Camp.*, 16 Wend., 562; *Horton* v. *Hendershot*, 1 Hill, 118; *Dunlap* v. *Hunting*, 2 Denio, 643), do say, and perhaps hold, that the sheriff could not have maintained any action founded on his levy, to obtain the possession or recover the value of property so levied on, regarding the operation of process void in fact, in favor of an officer, as affording him a shield and not a sword, as it has been often expressed. But they do not hold or intimate an opinion that the sheriff might not, without action, retain as against Pierce and any one claiming under him, the property upon which he had levied. Now, although out of the county, the sheriff obtained as the jury have found, peaceful possession of the mare. He had no need of, and, indeed, could not possess, out of his own county, any authority as sheriff to take the property. He took it as having acquired, by virtue of the levy he had made, a right to the possession as against the defendant in the process, and every one claiming under him, and was entitled to rely on that as a defence against any one seeking forcibly to deprive him of the mare. The judge fairly submitted to the jury the question whether more force was used by the sheriff, in defence of his possession, than was necessary, and they have decided that question in favor of the defendants. Some objections were made to comments by the judge, on the force and effect of the evidence, but they fall under the general rule that comments, upon evidence, when the matters in dispute are not taken from the jury, rest in the discretion of the judge.

Two exceptions remain to be particularly noticed. At the close of the evidence, the judge ruled that the execution upon the County Court's judgment was a sufficient precept to protect the officer. This was, as we have seen, correct. It was criticised on the argument as if it were a ruling that the pro-

cess authorized, of itself, all that the defendants had been shown to have done. Its whole force was to hold the writ good as a writ for the officer's protection. That it was, for the purpose of protecting the officer, to be taken to be a writ out of the County Court of Cortland, as it purported to be.

The other is to the refusal of the court to charge as requested that Haynes had no more right or authority to recover the mare by force from the plaintiff than a private individual would have, he having no authority to act as sheriff in this case, out of Cortland county. This proposition, as stated, is obviously the law, and the only question which raises a doubt of the right of the plaintiff to have the jury so charged, is whether it was not so far foreign to the issue as to make it unnecessary to instruct the jury upon the point. The charge of the learned judge had not been so free from ambiguity on the point of the extent of the defendant Hayne's rights as was desirable. He had spoken of him uniformly as the sheriff, had said "If there was a levy in June, the sheriff had a right to go to Hills and take her," and, in another place, "Here is the sheriff with an execution, and having the right to take her, and the plaintiff attempting to hold her under a mistake of law," and again, "He had a right to use all necessary force to remove the mare from the premises." It is quite true that in each of these cases, careful attention to the context shows that the judge did not mean that Haynes had any authority, as sheriff, out of the county of Cortland, nor that he had any authority to forcibly recapture the mare, but only that, having peaceably got possession, he might defend it by necessary force. But this goes to show, and seems to me to establish that the plaintiff's request ought to have been complied with, by a clear instruction in the terms of the request. My own judgment is that the jury understood the charge correctly, but I do not think it can be affirmed that some of them may not have been left in doubt whether Haynes had not power, as sheriff, out of Cortland, having levied in Cortland; and whether he might not, by force, recover the mare, even though

they should not find that he got possession of her in Hill's stable, without force. Under these circumstances, no course is left for us but to reverse the judgment, and order a new trial.

All concur; GRAY, C., not sitting.

Judgment reversed.