## MERRITT v. JUDD.

(*Common Pleas of New York City and County, Special Term.* February 11, 1890.)

EXECUTION—ON JUDGMENT OF JUSTICE'S COURT—BY WHOM ISSUED.

    Under Code Civil Proc. N. Y. § 3017, providing that a judgment rendered in a justice's court, and docketed in the county clerk's office, shall be deemed a judgment of the county court, "except that an execution can be issued thereupon only by the county clerk," the examination of a judgment debtor against whom execution on such a judgment has been returned unsatisfied cannot be ordered, in supplementary proceedings, on an affidavit stating that the execution was issued "out of the county court," since such an execution is unauthorized.

Action by Edward A. Merritt against William Judd in a justice court of St. Lawrence county. Plaintiff obtained a judgment, of which a transcript was filed and docketed in the St. Lawrence county clerk's office. Afterwards a transcript thereof was filed, and docketed in the clerk's office of the city and county of New York, and an execution was issued thereon, out of the court of common pleas, and was returned unsatisfied. Plaintiff then obtained an order for the examination of defendant in supplementary proceedings, but in his affidavit stated that the execution had issued out of the St. Lawrence county court. Plaintiff now moves for the appointment of a receiver to take charge of property discovered by the examination. Code Civil Proc. N. Y. § 3017, provides: "A justice of the peace who renders a judgment * * * must, upon the application of the party in whose favor the judgment was rendered, * * * deliver to him a transcript of the judgment. The county clerk of the county in which the judgment was rendered must, upon the presentation of the transcript, * * * docket the judgment. * * * Thenceforth the judgment is deemed a judgment of the county court of that county, and must be enforced accordingly; except that an execution can be issued thereupon only by the county clerk. * * * "

*Jones & Crane* (*Wm. A. Jones, Jr.,* of counsel,) for plaintiff. *Jas. J. Thornley,* for defendant.

BISCHOFF, J. These proceedings are fatally defective. The judgment was recovered in a justice's court of St. Lawrence county. A transcript was docketed in the St. Lawrence county clerk's office, and the judgment thenceforth became a judgment of the county court of that county. Pursuant to section 3017, an execution upon a judgment so recovered and docketed must

be issued by the county clerk. Here the execution upon the issue and return of which these proceedings are founded was issued out of the·county court of St. Lawrence county. Such execution, being unauthorized, was a nullity, and proceedings for the examination of the judgment debtor cannot be founded thereon. *Muldowney* v. *Corney*, 3 Daly, 170; *Silverman* v. *Henant*, 40 How. Pr. 88. Proceedings dismissed. No costs.