## BAREITHER *v.* BROSCHE.

*(Common Pleas of New York City and County, Special Term.  December 22, 1890.)*

1. EXECUTION—IRREGULARITIES—SUPPLEMENTARY PROCEEDINGS.
   Under Code Civil Proc. N. Y. § 24, which provides that a writ or other process duly subscribed or indorsed by the attorney for the party, or the person at whose instance it was issued, is not void or voidable by reason of any mistake in the teste or in the name of the clerk, a failure to have an execution, issued by plaintiff's attorney, and in other respects in due form, subscribed or indorsed by the county clerk, does not deprive the court in which the judgment is docketed of jurisdiction to entertain supplementary proceedings on the return of the execution unsatisfied.

2. SAME—FAILURE TO FILE ORDER APPOINTING RECEIVER.
   Where the order appointing a receiver in supplementary proceedings has not been filed with the clerk of the county wherein the judgment roll is filed, as required by Code Civil Proc. N. Y. §§ 2467, 2468, the judgment debtor cannot be punished as for a contempt for disobedience of the directions contained in the order.

At chambers.  Bareither had recovered a judgment against Brosche for $256.78 in one of the district courts of New York city.  Plaintiff's attorney subsequently issued an execution out of the court of common pleas, a transcript of the judgment having first been duly docketed in the county clerk's office.  This execution was in due form, except that it was not signed, indorsed, or issued by the county clerk.  The execution was returned unsatisfied, and plaintiff instituted supplementary proceedings.  John T. Toal was appointed receiver, to whom defendant was directed to pay $10 per week until the judgment should be satisfied.  The order appointing the receiver was never filed with the county clerk.  Defendant paid $150 to the receiver, and then refused to make further payments.  The receiver then died, and plaintiff now moves for the appointment of a new receiver, and for an order punishing defendant for contempt.

Code Civil Proc. § 24, provides: "A writ or other process issued out of a court of record must, before the delivery thereof to an officer to be executed, be subscribed or indorsed with the name of the officer by whom or by whose direction it was granted, or the attorney for the party, or the person at whose instance it was issued.  A writ or other process thus subscribed or indorsed is not void or voidable by reason of having no seal or a wrong seal thereon, or of any mistake or omission in the teste thereof, or in the name of the clerk, unless it was issued by special order of the court."  Sections 2467 and 2468 are as follows: "Sec. 2467. An order appointing a receiver, or extending a receivership, must be filed in the office of the clerk of the county wherein the judgment roll in the action is filed; or, if the special proceeding is founded upon an execution issued out of the court, other than that in which the judgment was rendered, in the office of the clerk of the county wherein the transcript of the judgment is filed.  Sec. 2468. The property of the judgment debtor is vested in a receiver who has duly qualified, from the time of filing the order appointing him, or extending his receivership, as the case may be."

*Simon Levy,* for plaintiff.  *Fernando Solinger,* for defendant.

BOOKSTAVER, J.  The irregularities in the form and issue of the execution are not sufficient to deprive this court of jurisdiction to entertain proceedings

founded upon such execution, (see Code Civil Proc. §§ 23, 24; *Hill* v. *Haynes*, 54 N. Y. 156; *Wright* v. *Nostrand*, 94 N. Y. 48,) and so much of this motion, therefore, as prays for the appointment of a successor to the deceased receiver is granted.

Pursuant to sections 2467 and 2468 of the Code of Civil Procedure, the appointment of the receiver is not complete until the order appointing the receiver has been properly filed in the office of the county clerk, and until the order has been so filed the receiver cannot maintain an action or proceeding to acquire possession of the debtor's property; and as the requisite of filing does not appear, on this motion, to have been complied with, this motion, in so far as it is sought to punish the debtor for disobedience to the directions contained in the order appointing the receiver, must be denied.