### JAQUES v. WILLETT.

(City Court of New York, Special Term. April, 1907.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—DISOBEDIENCE TO ORDER OR SUBPŒNA AS CONTEMPT.

Under Municipal Court Act, Laws 1902, p. 1564, c. 580, § 260, providing that after the filing of a transcript of judgment an execution may be issued by the county clerk, and section 261, providing that after the filing of a transcript and docket of a judgment in the county clerk's office it is deemed a judgment of the Supreme Court and may be enforced accordingly, and Code Civ. Proc. § 1364, providing that an execution is the process of the court out of which it is issued, on motion to punish for contempt for disobedience of an order for the attendance of a judgment debtor in proceedings supplementary to execution, an allegation in the order that the execution was "issued out of the Supreme Court" is sufficient, where the order is otherwise correct.

Action by Washington L. Jaques against John Willett. On motion to punish for contempt of court. Motion granted.

A. Frank Cowen, for plaintiff.
Charles S. Simpkins, for defendant.

WADHAMS, J. The judgment debtor, appearing specially, opposes the motion to punish him for contempt on the ground that the order in proceedings supplementary to execution directing his attendance was void. The judgment was for more than $25; the judgment roll was filed in the office of the clerk of the Municipal Court, in which the judgment was recovered after personal service of the summons on the debtor; a transcript of the judgment was duly filed; and the judgment docketed in the office of the clerk of the county of New

York. These facts are properly set forth in the affidavit upon which the order was granted, pursuant to sections 2435 and 2458 of the Code of Civil Procedure. The allegation claimed to be defective is:

"That thereafter an execution upon said judgment against the property of the said judgment debtor was, on the 5th day of June, 1906, duly issued out of the Supreme Court, New York county, which is a court of record, to the sheriff of the county of New York."

It is contended that the execution must be issued by the county clerk, that the execution alleged as "out of the Supreme Court" is unauthorized, and proceedings for the examination of the judgment debtor cannot be founded thereon. Merritt v. Judd (Com. Pl.) 9 N. Y. Supp. 491, is cited. In that case Mr. Justice Bischoff held that the proceedings were fatally defective where it appeared, upon a judgment recovered in a justice's court of St. Lawrence county and a transcript docketed in the St. Lawrence county clerk's office, that execution was issued out of the County Court of that county, and not by the county clerk. That ruling was under section 3017 of the Code of Civil Procedure, which specifically provides in the case of judgments by justices of the peace that after they are docketed they are to be deemed judgments of the County Court, and that "an execution can be issued thereupon only by the county clerk, as prescribed in section 3043." Section 3043 relates only to judgments "rendered by a justice of the peace." An earlier case is Gray v. Leiben, 8 N. Y. Civ. Proc. R. 48. Judgment was there rendered by a justice's court in Richmond county and a transcript filed in New York county. Thereafter an execution out of the Supreme Court was issued to the sheriff of New York county, and the order based on that execution was vacated on the ground that the execution should have been issued out of the Court of Common Pleas by the county clerk, instead of out of the Supreme Court. These decisions are not controlling. They construed sections 3017 and 3043 of the Code of Civil Procedure, and in neither of the cases was there an allegation that the execution had been duly issued out of the proper court.

The Municipal Court act (Laws 1902, pp. 1564, 1565, c. 580), by sections 260 and 261, provides the procedure upon execution in a judgment of the Municipal Court. The execution may be issued by the county clerk, directed to the sheriff as prescribed by law, after the filing of a transcript of judgment. Section 260. After filing transcript and docket of the judgment in the county clerk's office, "thenceforth the judgment is deemed a judgment of the Supreme Court, and may be enforced accordingly." Section 261. A statement that the execution was duly issued out of the Supreme Court is sufficient. It will be assumed that that statute has been complied with and execution issued by the proper officer. Moreover, the county clerk is the clerk of the Supreme Court, and the execution duly issued out of the Supreme Court would be issued by the clerk of the county in which the transcript was filed and the judgment docketed. The words "out of the court" are the accepted and ordinary words to describe the process of execution. They are found in sections 1367, 2433, 2434, 2458, and many other sections of the Code. By section 1364 it is expressly pro-

vided that "an execution is the process of the court from which it is issued."

It is contended that the execution may have been issued out of the Supremè Court, and not by the county clerk, but by the attorney. Such fact will not be assumed; but upon the allegation that it was duly issued the court will, until proof to the contrary is presented, presume that section 260 of the Municipal Court act has been complied with. Moreover, it has been held that an execution upon the judgment of the Municipal Court docketed in the county clerk's office, issued by the plaintiff's attorney, and not by the county clerk, was not void, but merely irregular, and that the court was not deprived by such irregularity of jurisdiction to entertain supplementary proceedings founded upon such execution. Bareither v. Brosche, (Com. Pl.) 13 N. Y. Supp. 561, citing Hill v. Haynes, 54 N. Y. 156; Wright v. Nostrand, 94 N. Y. 48; Code Civ. Proc. §§ 23, 24.

The motion is granted, and the judgment debtor fined the amount of the judgment. The judgment debtor will be permitted to purge himself of the contempt, provided he appears and submits to examination on April 27th, at 10 a. m., and on or before that time pays the sum of $10 costs.